

May 28, 2019

Janeen M. Thomas
914.872.7650 (direct)
Janeen.Thomas@wilsonelser.com

**VIA ECF**
Magistrate Judge Judith C. McCarthy
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150

    Re: Response to Plaintiffs' Letter-Motion (Doc. 30)
      *Edwina Rance v. Jefferson Village Condominium No. 5 et al*
      Docket No.: 18-cv-6923
      <u>Our File No: 17158.00062</u>

Dear Magistrate Judge McCarthy:

  We represent defendants Jefferson Village Condominium No. 5 ("JVC5") and McGrath Management Services Inc. ("McGrath") in the above-referenced matter. This letter is submitted in response to the letter-motion (Doc. 30) of plaintiffs Edwina Rance and Westchester Residential Opportunities, Inc. (collectively "Plaintiffs") seeking an informal conference regarding an alleged discovery dispute.

  Plaintiffs inaccurately characterize Defendants' discovery responses as a "blanket of objections." See Doc. 30. To the contrary, Defendants answered all of Plaintiffs' Interrogatories and identified all relevant witnesses, where appropriate, and produced more than 220 pages of documents, bates stamped JVC000001-JVC000203 and MM000001-MM000020, in response to Plaintiffs' First Request for Production of Documents.

  Defendants' discovery responses were timely served with all objections timely asserted.[1] Nonetheless, defendants in good faith, are conducting a search for any additional relevant documents and will produce same in advance of defense depositions should any additional relevant documents become available. This comports with plaintiffs' deposition notices demanding

---

[1] At Plaintiffs' request and by agreement of counsel, Plaintiffs' time to respond to Defendants' discovery demands was extended to April 3, 2019, and Defendants' time to respond to plaintiffs' discovery demands was extended to April 5, 2019. It was agreed that no objections were waived by any party by extending the time to respond to Interrogatories and Requests for Production of Documents. See emails between counsel and stipulation, annexed collectively as **Exhibit A**.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Indiana • Kentucky
Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • Phoenix • San Diego
San Francisco • Sarasota • Stamford • Virginia • Washington, DC • West Palm Beach • White Plains

wilsonelser.com

7707890v.5

production of additional material at the time of said deposition. See Deposition Notices annexed collectively as **Exhibit B**.

Further, Defendants submit that Plaintiffs' Interrogatories were adequately responded to and that Defendants should not be required to supplement their responses to Plaintiffs' Interrogatories for the following reasons:

(1) Additional information should be obtained during depositions in light of the well settled principle that depositions are the more practical method for obtaining information. See Burns v. Bank of Am., 2007 U.S. Dist. LEXIS 40037, at *43 (S.D.N.Y. 2007) [Local Rule 33.3 discourages the use of interrogatories during discovery where a request for production or a deposition is a more practical method of obtaining the information sought].

(2) Plaintiffs served 137 Interrogatories, including all sub-parts, to JVC5 and 145 Interrogatories, including all sub-parts, to McGrath, in violation of Federal Rule of Civil Procedure 33, which limits the number of interrogatories that may be served on a party to 25, including all subparts. Defendants timely objected to Plaintiffs' interrogatories *inter alia* as exceeding the number of permissible interrogatories, but responded to Plaintiffs' First Set of Interrogatories, identifying the names of potential witnesses with knowledge of information relevant to the subject matter, where appropriate. Because Plaintiffs exceeded the maximum number of interrogatories, Defendants should not be required to supplement those responses exceeding the maximum number of 25 interrogatories. Reed v. Friedman Mgt. Corp, 2015 U.S. Dist. LEXIS 111822, at *19 (S.D.N.Y. 2015) [ordering service of new interrogatories that complied with FRCP and Local Civil Rule 33.3 where interrogatories, including subparts, numbered more than 100].

(3) Defendants maintain their objection to those interrogatories seeking *inter alia* information regarding persons who requested for a person under age 55 to reside at JVC5 on the grounds *inter alia* that such disclosure may violate the privacy rights of others and/or HIPAA.[2] Responsive documents (with identifying information redacted) have been produced, which may be made available for in camera review.

We thank the Court for its attention to this matter.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

/s/ Janeen Thomas

Janeen Thomas

cc: James E. Bahamonde, Esq. (Via email: James@CivilRightsNY.com)
    Attorney for Plaintiffs

---

[2] See JVC5's Response to Plaintiffs' First Set of Interrogatories, Nos. 5, 13 and 14 (Doc. 30, Exh. 3), and McGrath's Response to Plaintiffs' First Set of Interrogatories, Nos. 4 and 5 (Doc. 30, Exh. 5).

7707890v.5