

September 19, 2019

*Janeen M. Thomas*
*914.872.7650 (direct)*
*Janeen.Thomas@wilsonelser.com*

**VIA ECF**
Magistrate Judge Judith C. McCarthy
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150

> Re: Defendants' Response to Plaintiffs' Unauthorized Sur-Reply (Doc. 54)
> *Edwina Rance v. Jefferson Village Condominium No. 5 et al*
> Docket No.:     18-cv-6923
> Our File No:    17158.00062

Dear Magistrate Judge McCarthy:

We represent defendants Jefferson Village Condominium No. 5 ("JVC5") and McGrath Management Services Inc. (collectively "Defendants") in the above-referenced matter. This letter is submitted in response to plaintiffs' unauthorized sur-reply (Doc. 54), which is thinly veiled as a request for leave to file a sur-reply in further opposition to Defendants' Motion to Compel a Rule 35 Examination.

Plaintiffs' unauthorized sur-reply must be rejected because (1) it was submitted without leave of court; (2) there is no evidence that Dr. Eustace wrote the letters (Doc. 54-1) annexed to plaintiffs' application; and (3) plaintiffs mischaracterize the deposition testimony of Richard Falcone, which along with the documents exchanged by plaintiffs in discovery, demonstrate that Defendants have consistently and continuously challenged the validity of the supporting documents submitted by plaintiff Edwina Rance ("plaintiff" or Rance") to JVC5.

As explained in further detail below and in Defendants' Memoradum and Reply Memorandum of Law (Docs. 50 and 53), good cause exists for the requested examination in order to test the legitimacy of Rance's claim of a mental disability that substantially limits her ability to sleep, take care of herself or interact with others.  *See* Complaint, Doc. 1,¶ 38.

Plaintiffs have offered no caselaw to refute Defendants' position that an examination is necessary where the central issue in the case is plaintiff's condition, and an examination is critical to the defense of the case.  For these reasons, Defendants' motion for a Rule 35 examination must be granted.

1133 Westchester Avenue  •  White Plains, NY 10604  •  p 914.323.7000  •  f 914.323.7001

Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston • Indiana • Kentucky
Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • New Jersey • New Orleans • New York • Orlando • Philadelphia • Phoenix • San Diego
San Francisco • Sarasota • Stamford • Virginia • Washington, DC • West Palm Beach • White Plains

wilsonelser.com

7914701v.3

- **Plaintiffs' Application is Untimely; Plaintiffs Deprived Defendants of the Opportunity to Oppose Their Application to Submit Sur-reply Had it Been Made During Last Week's Status Conference**

As plaintiffs' counsel knows, all parties appeared before this Court on September 12, 2019 for a status conference during which Your Honor spent significant time (almost an hour) going over all outstanding issues in the case. At no time during the status conference did plaintiffs' counsel, James Bahamonde, seek leave to submit a sur-reply. Had he done so, Defendants would have opposed plaintiffs' request. Instead, Mr. Bahamonde waited until after the status conference to file an unauthorized four page sur-reply with exhibits in order to deprive Defendants of the opportunity to oppose this application during the September 12th conference.

Plaintiffs unauthorized sur-reply must be rejected because it is purportedly based on the deposition testimony of Richard Falcone, which was taken on August 7, 2019, and in advance of Plaintiffs' August 16, 2019 deadline to oppose Defendant's Rule 35 Motion. See Minute Entry dated August 2, 2019. Plaintiffs therefore had the opportunity to make arguments based on Mr. Falcone's testimony by the August 16th deadline, but failed to do so.

Further, Plaintiffs did not seek leave to submit a sur-reply based on Mr. Falcone's deposition testimony prior to August 16, 2019. Nor did Plaintiffs reference Mr. Falcone's deposition testimony in their opposition papers or reserve the right to rely on his deposition transcript once received prior to August 16th.

For these reasons, Plaintiffs' unauthorized sur-reply must be rejected, and plaintiffs' application for leave to file a sur-reply must be denied. Further, given that the time spent responding to plaintiffs' application could have easily been avoided had plaintiffs sought leave to submit a sur-reply during the September 12, 2019 status conference, Defendants seek attorneys' fees for time spent drafting this letter in response to plaintiffs' application.

- **The Letters Submitted By Plaintiffs (Doc. 54-1) Are Not Contained in Dr. Eustace's Records; There is No Evidence Dr. Eustace Wrote Those Letters**

The possibility exists that the letters (Doc. 54-1) purportedly written by Dr. Thomas Eustace and annexed to plaintiffs' application were fabricated.

Significantly, the letter dated January 21, 2016 (Doc. 54-1; bates JVC000016) was not included in the documents produced by Dr. Eustace in this litigation.[1] Additionally, the letter dated November 7, 2016 (Doc. 54-1; bates JVC000017 (**Exhibit A**)) does not appear in Dr. Eustace's file as written.

A comparison of the November 7, 2016 letter plaintiffs rely upon (**Exhibit A**) against the November 7, 2016 letter Dr. Eustace produced (**Exhibit B**) demonstrates that plaintiffs' letter (**Exhibit A**) contains additional language (highlighted in yellow below) which was <u>not</u> included in the letter produced by Dr. Eustace (**Exhibit B**).

> I have been seeing Mrs. Edwina Rance for individual psychotherapy since October 7, 2015 and am continuing to see her at this time.

---

[1] It is undisputed that Dr. Eustace provided the same documents to plaintiffs and defendants. Dr. Eustace's file was bates stamped TE00001-TE000033 and marked as an exhibit during Rance's July 10, 2019 deposition. At the September 12, 2019 status conference, plaintiffs' counsel represented that to his knowledge all documents maintained by Dr. Eustace had been provided in response to the authorization.

7914701v.3

> She has consulted me because of concerns, anxieties, and fears that are of such a nature that living alone would increase those fears to an unacceptable and detrimental level. ==These symptoms can be exacerbated by external events, (i.e. threats real or perceived to her wellbeing and safety) which could incapacitate her.==
>
> It is my opinion that stability in her life ==continues to be== of great importance at this time.

*Compare* **Exhibit A** and **Exhibit B**.

Because there is no evidence that Dr. Eustace wrote any letter on Rance's behalf containing the language highlighted in yellow (**Exhibit A)**, and the source of said correspondence is unknown, Plaintiffs may not credibly rely upon said correspondence on their application.

- **Defendants Have Consistently and Continuously Challenged the Validity of Rance's Supporting Documents and the Legitimacy of Her Claim**

Plaintiffs' assertion that Defendants do not dispute the medical condition or limitations of Rance is preposterous. As demonstrated below, Defendants have consistently and continuously challenged the validity of Rance's supporting documentation and the legitimacy of her claim.

The deposition testimony of Richard Falcone[2] overwhelmingly demonstrates that JVC5 questioned the validity of the letters (Doc. 54-1) purportedly written by Dr. Eustace and submitted by Rance to JVC5 for the following reasons:

- There were discrepancies between the two letters. *See* Transcript of Richard Falcone ("Falcone Transcript), p. 75:5-12, annexed as **Exhibit C**.
- The letterheads and signatures were different. *See* **Exhibit C**, p.75:13-19; 82:18-83:24.
- The font used in the Eustace letters was the same as that used in the letters Rance wrote. *See* **Exhibit C**, p. 77:12- 78:25.
- Mr. Falcone could not state what condition Rance was diagnosed with, if any, based on the letters Rance submitted. *See* **Exhibit C**; p. 76:18-77:2.
- JVC5 questioned the validity of the letters and did not believe they were from the same individual. *See* **Exhibit C**, p. 91:19-92:5.

Rance also submitted a letter purportedly written by Dr. Uppal, who is a doctor of internal medicine. To be clear, the letter purportedly written by Dr. Uppal on Rance's behalf (Doc. 54-2) does not contain a diagnosis. Mr. Falcone testified that it appeared Dr. Uppal merely repeated whatever Rance told him. *See* **Exhibit C**, p. 110:19-111:11.

Defendants' efforts to obtain additional information regarding Rance's condition prior to commencement of this litigation is well documented. As a result of the insufficient information Rance provided, Defendants engaged in a series of written correspondence with Rance. JVC5 then passed this matter over to their counsel. See **Exhibit C**, p. 90:15; 92-10-15; 111. JVC5's private

---

[2] Defendants object to plaintiffs' use of the transcript of Richard Falcone, which has yet to be reviewed and corrected by the witness.

7914701v.3

counsel requested specific information from Rance's attorney in an effort to ascertain the legitimacy of Rance's application for her son to reside with her, but Rance's attorney never responded to the requests.  *See* letters from JVC5's private counsel, dated June 22, 2017 and July 20, 2017, annexed collectively as **Exhibit D**.

It is therefore disengenuous for plaintiffs to assert in their letter to this Court (Doc. 54, p. 3) that Defendants did not dispute the medical opinions of Rance's doctors before commencement of this litigation.  As made evident, Defendants have consistently and continuously questioned the validity of Rance's supporting documentation and the legitimacy of her claim.

- **Conclusion**

For these reasons, Plaintiffs' application for leave to submit a sur-reply must be denied and their sur-reply must be completely disregarded.  Should this Court deny plaintiffs' application for leave to submit a sur-reply, Defendants respectfully seek attorneys' fees for time spent drafting this letter in response to plaintiffs' application.

Defendants underscore that Plaintiffs have provided no caselaw which would support denial of a Rule 35 motion where the central issue in the case is whether the plaintiff has a disability, and where such examination is critical to defendants' defense of the case.

Therefore, because there can be no doubt that Rance's alleged mental disability is a threshold issue in this case, and an issue that may determine this Court's jurisdiction under the Fair Housing Act for claims of discrimination based upon a disability, defendants respectfully request that their Motion to Compel Rule 35 Examination be granted in all respects.

We thank the Court for its attention to this matter.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

/s/ Janeen Thomas

Janeen Thomas

cc:   James E. Bahamonde, Esq.  (Via email: James@CivilRightsNY.com)
      Attorney for Plaintiffs