

Eckert Seamans Cherin & Mellott, LLC
10 Bank Street
Suite 700
White Plains, NY 10606

TEL: 914 949 2909
FAX: 914 949 5424

Timothy P. Coon
Direct Dial: 914-286-6438
tpcoon@eckertseamans.com

June 22, 2017

Hannah Gross, Esq.
Gross & Stabile LLP
9 West Prospect Avenue
Suite 406
Mt. Vernon, NY 10550

Re: Edwina Rance

Dear Ms. Gross:

We are the attorneys for Jefferson Village V and have been requested to respond to your letter of June 6, 2017.

Initially please be advised that the Board does not have a "bizarre fascination" with your client. Rather, the Board has a fiduciary duty to all owners of Jefferson Village V and does not act out of self-interest. The Board has proceeded with patience and consistency in dealing with all unit owners who were found to have someone under age 55 residing in their unit. If anything, it has been your client who has a bizarre fascination in acting outside of the By-Laws of the Condominium.

There has been no "surveillance" as you put it on your client. What has been observed by the presence or lack thereof of her automobile and that of her son, is that contrary to your assertion, in that they are more frequently there in the absence of the other, than together. Your contention that this casual observation has and will continue to negatively impact your client's "disability of anxiety and panic attacks" is ludicrous. Such a claim rings hollow in light of your client's past history of monitoring the other owners' activities during her presidency.

The documentation provided by her most recent medical provider does not account for the many nights when your client is absent from the home, yet her son is present with a young child. Further, it is inexplicable as to how this medical care provider is qualified to opine as to your client's financial ability to pay for an aide. This note does not establish that the son's presence is required for the financial support of the older person. Therefore, the only means by which the son could remain is if his presence is required for the "physical care" of the older person.

As I understand the circumstances, the son is not a licensed care giver in New York. If this is incorrect, please provide licensure information. Further, an explanation is required as to who,

{V0425701.1}



if anyone, fulfills his role as care giver when he is not present during the evening or when your client is absent from the residence.

Previously, your client submitted two notes from her psychologist, Thomas Eustace. In reviewing these notes the Board noted a difference in stationary and signature from the provider. Neither of the notes established the need for the presence of the son. Now, your client has submitted a note from Dr. Rajneesh Uppal, a doctor of internal medicine. It is unclear whether Dr. Uppal is treating your client for the "increased anxiety and panic attacks" or merely stating what she has been told, as obviously, she relies on your client for her opinion on her financial condition. Again, Dr. Uppal fails to explain how this condition is attended to when your client is not at home at night or when the son is not home.

You have raised for the first time, a request for accommodation due to her alleged disability. The notes provided to date do not establish a disability that can be addressed only by her son's presence. Should your client wish to provide an authorization to obtain the full medical records from Eustace and Uppal for counsel's eyes only, the Board is willing to consider the request for accommodation. However, please be aware that you have failed to read § 296 5(a) in its entirety, and you are referred to the paragraph after 5(c) which specifically excludes housing such as Jefferson Village where age restrictions are in place. Therefore, any request for accommodation must comply with the By-Laws of the Condominium. Your contentions that the failure to prevent the son from residing constitutes illegal discrimination is flatly rejected.

Finally, request is made that you instruct your client's son to refrain from engaging in any activity that is intimidating, meant to intimidate or that may be perceived as intimidating against or toward any other lawful resident of Jefferson Village.

Please advise if your client is willing to provide the following:

1) Authorization for the records of Thomas Eustace;
2) Authorization for the records of Rajneesh Uppal, M.D.
3) Financial records demonstrating the financial condition of your Client and the financial condition of her son.

I look forward to your response.

Very truly yours,

Timothy P. Coon

TPC/mp

{V0425701.1}

ER00025



Eckert Seamans Cherin & Mellott, LLC
10 Bank Street
Suite 700
White Plains, NY 10606

TEL: 914 949 2909
FAX: 914 949 5424

Timothy P. Coon
Direct Dial: 914-286-6438
tpcoon@eckertseamans.com

July 20, 2017

Hannah Gross, Esq.
Gross & Stabile LLP
9 West Prospect Avenue
Suite 406
Mt. Vernon, NY 10550

Re: Jefferson Village Condominium v. Edwina Rance

Dear Ms. Gross:

On further reflection, after our call last Friday, I am not prepared to submit written questions to your client's treating medical providers. Such a mechanism is incomplete, does not permit follow-up inquiries and most likely will not advance any potential resolution.

As an alternative, I will accept HIPAA authorizations from your client allowing me to obtain the medical records from Thomas Eustace, PhD and Rajneesh Uppal, MD. I will process the authorization and obtain the medical records which I will review without sharing with my client. Once finished with the review, I will notify you as to those entries which I feel need to be shared with the Board so that they can make a determination as to the legitimacy of your client's application for exception to the under age 55 regulation. Please advise if this is acceptable and if so, please execute the enclosed authorization and return to me.

I look forward to receiving the financial information which your client alleges satisfies the financial support from her son so as to justify his residence in the unit.

In that the Board has imposed the fines as previously outlined, there is an immediacy to the request.

Very truly yours,

Timothy P. Coon

TPC/mp

{V0433526.1}

ER00032