Law Offices of
# JAMES E. BAHAMONDE, P.C.

2501 Jody Court
North Bellmore, NY 11710
Long Island Tel. (516) 783-9662
New York City Tel. (646) 290-8258
Fax No.
James@

> Application granted. Plaintiffs' time to move pursuant to Fed. R. Civ. P. 25 is extended, nunc pro tunc, until 30 days after an administrator is named. Plaintiffs shall file a status letter by 9/30/2020 in the event such motion has not been made by that date.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: New York, New York
> August 17, 2020

**BY ECF**

Judge Philip M. Halpern
Federal Building and Courthouse
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re. *Rance, et al v. Jefferson Village Condominium No. 5, et al*
**18cv6923 (NSR)(JCM)**

Dear Judge Halpern:

I represent the plaintiffs in the above referenced action and, pursuant to Rule 6(b), Plaintiffs respectfully request an extension of time to file a motion for substitution under Rule 25 by the deceased plaintiff, Edwina Rance, successor or representative. This is Plaintiffs first request for an extension of time. On August 8, 2020, I asked Defendants' counsel, Janeen Thomas, if Defendants consent to the request, however, she has not responded.

**Factual Background**

On April 3, 2020, Plaintiff Edwina Rance passed away due to a COVID-19 infection. On April 16, 2020, Plaintiffs advised the court of Ms. Rance's death.

On April 17, 2020, the court stayed remaining discovery until July 31, 2020. Within two weeks after the burial of Ms. Rance, Ms. Rance's family retained Michael Grace to probate the estate and to name an administrator. In April and May 2020, Mr. Grace was unable to file a probate application because the Surrogate Court was not accepting new filings. On July 9, 2020, the Surrogate Court began in-person operation. In July 2020, Mr. Grace stated the Surrogate Court returned the application he filed and was instructed to refile. Presently, papers have been filed and we are waiting for an administrator to be named. As a result, because of the delays, Plaintiffs have been unable to move for substitution under Rule 25.

On August 5, 2020, Defendants requested a stay of discovery and sought leave to file a motion to dismiss alleging Plaintiff's failure to file a motion for substitution within 90 days after a

**Law Offices of**
**James E. Bahamonde, P.C.**

August 10, 2020
Page - 2 -

suggestion of death was made on the record. On August 6, 2020, the court stayed discovery until September 30, 2020 and directed parties to file a status letter on or before September 30, 2020.

**Legal Argument**

Rule 25(a)(1) requires that a motion for substitution for a deceased party be made "not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death." However, Rule 25 allows flexibility to enlarge the 90-day deadline. *Kernisant v. City of New York*, 225 F.R.D. 422, 428 (E.D.N.Y. 2005) citing *Staggers v. Otto Gerdau Co.,* 359 F.2d 292, 296 (2d Cir.1966) (it is intended that the court shall have discretion to enlarge substitution period). If a motion for substitution cannot be filed within 90 days after the death is suggested, a party may move for an extension of time under Rule 6, which the Second Circuit has held should be liberally interpreted. *See, id*. If there is difficulty in appointing an administrator, an extension of time under Rule 6 can be warranted. *See id*.

Rule 6(b) allows a motion seeking an extension of time made after the time has expired if the party demonstrates it failed to file the motion for substitution because of excusable neglect. *See*, Rule 6; *see also Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.,* 507 U.S. 380, 395, (1993) (explaining that the inquiry into what constitutes "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith."). In *Pioneer,* the Supreme Court explained excusable neglect under Rule 6(b) is an elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant. The Second Circuit has held when deciding whether to grant a Rule 6(b) motion, the trial court should be mindful of the underlying purpose of Rule 25(a)(1) which is to allow flexibility in substitution. *Kernisant v. City of New York*, 225 F.R.D. 422, 431 (E.D.N.Y. 2005) citing *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469 (2d Cir. 1998).

Here, an extension of time is warranted because Plaintiffs have been working in good faith to seek an appointment. However, until an administrator is named by the Surrogate Court, Plaintiffs are unable to file a motion for substitution. Further, the unavoidable delay in obtaining the appointment of administrator is not caused by Plaintiffs . As stated above, following Ms. Rance's burial, her family promptly retained an attorney to probate the estate and name an administrator. Nonetheless, the regular time-consuming process that an appointment of administrator entails has been exacerbated due to the COVID-19 dilemma. Nearly the entire months of April and May 2020, the Surrogate Court has not been in operation and was not accepting new applications. In addition, as stated above, the Surrogate Court has only begun in-person operation in July 2020.

Additionally, an extension of time will not cause Defendants to suffer any prejudice. Prior to the death of Ms. Rance, all discovery had been complete except for Ms. Rance's IME, discovery related to Defendants' expert, and the deposition of the attorney of the defendant condominium board. Since Defendants' expert is unable to conduct the IME or submit an expert report, and

**Law Offices of**
**James E. Bahamonde, P.C.**

August 10, 2020
Page   - 3 -

Defendants have not identified or sought any additional discovery,[1] the extension of time to file a motion for substitution will certainly not cause Defendants any prejudice. Consequently, Plaintiffs respectfully request an extension of time to file a motion for substitution.

Thank you for your attention and consideration.

                                    Respectfully Yours,

                                    /s/ James E. Bahamonde

                                    James E. Bahamonde, Esq.

cc:
Eric J Sauter, Esq.
Janeen M. Thomas, Esq.
Attorneys for Defendants

---

[1] Since April 2020, I have repeatedly asked Defendants counsel, Janeen Thomas, what other discovery is needed by Defendants. However, she has chosen not to respond to my emails.