**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Edwina Rance and Westchester Residential Opportunities, Inc., | 18 Civ. 6923 (PMH) |
| Plaintiffs | **PROPOSED PRETRIAL ORDER** |
| - against - | |
| Jefferson Village Condominium No. 5,  and McGrath Management Services Inc. | |
| Defendants | |

Pursuant to the Court's Pretrial Order, and consistent with the Local Rules and Your Honor's Individual Rules, Parties, by their attorneys, the law firm of James E. Bahamonde, PC and Wilson Elser Moskowitz Edelman & Decker,  LLP make the following pretrial submissions matters:

**I.       Trial Counsel**

| Attorneys for Plaintiffs | Attorneys for Defendants |
|---|---|
| James E. Bahamonde, Esq. Law Firm of James E. Bahamonde, PC 2501 Jody court  North Bellmore, NY 11710  Tel 646-290-8248 Fax 646-435-4376 Mobile No. 516-321-0002  james@civilrightsny.com | Wilson Elser Moskowitz Edelman & Dicker, LLP. 1133 Westchester Avenue White Plains, New York 10604 Facsimile:  914-323-7001  Helmut Beron Helmut.Beron@WilsonElser.com Phone: 914-872-7723  Eric Sauter Eric.Sauter@WilsonElser.com Phone: 914-872-7718 Mobile: 917-538-5668  James Marshall James.Marshall@WilsonElser.com 914-872-7239 Mobile: 978-808-6859 |

II.     **Amount of trial time each party anticipates needing for their case in chief.**

Plaintiffs anticipate needing 3-4 days of trial (assuming a typical trial day of 9:00 a.m. to 5:00 p.m., Monday through Friday). Defendants anticipate 1-2 days of trial for its case in chief.

III.    **Statement of Jurisdiction**

Plaintiffs invoke the jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613. The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves a federal question regarding the deprivation of Plaintiffs' rights under the Fair Housing Act. Additionally, the Court has supplemental jurisdiction over Plaintiffs' State and County law claims pursuant to 28 U.S.C. § 1367(a).

Furthermore, parties reside in the County of Westchester, and the alleged acts of discrimination occurred in the County of Westchester.

IV.     **Brief summary of the claims and defenses each party asserts remain to be tried**

   A.     **Plaintiffs submit that the following claims remain to be tried against Defendants:**

1.      Defendants have made or caused to be made, printed, or published or caused to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicate any preference, limitation, or discrimination based on disability, or an intention to make any such preference, limitation, or discrimination in violation of 42 U.S.C. § 3604(c).

2.      Defendants have discriminated against any person in the terms, conditions, or privileges of her dwelling, or in the provision of services or facilities in connection with such dwelling because of disability in violation of 42 U.S.C. § 3604(f)(2).

3.      Defendants have pursued their discriminatory practices for the purpose of

2

excluding individuals with mental disabilities from residing at Defendant's multifamily condominium dwelling in violation of 42 U.S.C. § 3604(f)(2).

4.      Defendants engaged in conduct refusing to make reasonable accommodations in the rules, policies, practices, or services, when such accommodation is necessary to afford equal opportunity to use and enjoy a dwelling in violation of 42 U.S.C. § 3604(f)(3)(B).

5.      Defendants engaged in conduct to coerce, intimidate, threaten, or interfere with Plaintiffs in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by 42 USC § 3604. 42 USC § 3617

6.      Defendants have engaged in conduct to otherwise denied or withheld from any person such a housing accommodation because of disability in violation of New York State Executive Law § 296(5)(a)(1).

7.      Defendants have engaged in conduct, on the basis of disability, to discriminate in the terms, conditions or privileges of such housing accommodation or in the furnishing of facilities or services in connection therewith in violation of New York State Executive Law § 296(5)(a)(2).

8.      Defendants have printed or circulated or caused to be printed or circulated any statement or publication which has expressed, directly or indirectly, any limitation, specification or discrimination as to disability, or any intent to make any such limitation, specification or discrimination in violation of New York State Executive Law § 296(5)(a)(3).

9.      Defendants have aided, abetted, incited, compelled, or coerced the doing of any of the acts forbidden under New York State Executive Law, or attempted to do so in violation of New York State Executive Law § 296(6).

10.    Defendants have retaliated or discriminated against any person because s/he has opposed any practices forbidden under New York State Executive Law in violation of New York State Executive Law § 296(7).

11.    Defendants have refused to make reasonable accommodations in rules, policies, practices, or services, when such accommodations are necessary to afford Ms. Rance equal opportunity to use and enjoy a dwelling, in violation of New York State Executive Law § 296(18)(2).

12.    Defendants have discriminated against any person because of that person's actual or perceived disability in the terms, conditions, or privileges of a transaction involving any such housing accommodation in violation of Westchester County Fair Housing Law § 700.21(A)(3).

13.    Defendants have made, declared, printed, published, or circulated or caused to be made, declared, printed, published, or circulated any notice, statement, or, with respect to the transaction of any such housing accommodations which expresses or indicates, directly or indirectly, any preference, limitation, specification, or discrimination as to a person's disability or any intent to make any such preference, limitation, specification, or discrimination in violation of Westchester County Fair Housing Law § 700.21(A)(5).

14.    Defendants have refused to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford Ms. Rance, a person with a disability, equal opportunity to use and enjoy a housing accommodation in violation of Westchester County Fair Housing Law § 700.21(A)(9)(c)(ii).

15.    Defendants have coerced, intimidated, threatened or interfered with Ms. Rance in the exercise of, or on account of that person having aided or encouraged any other person in the

exercise of, any right granted under the local housing discrimination laws in violation of Westchester County Fair Housing Law § 700.21(A)(10).

16.    For such other and further relief, at law or in equity, to which the Plaintiffs may be justly entitled.

**B.    <u>The following claims will not be tried against Defendants:</u>**

1.    Plaintiffs will not assert claims pursuant to New York State Executive Law §§ 296(5)(b)(1), 296(5)(b)(2), and 296(5)(b)(3); and Westchester County Fair Housing Law § § 700.21(A)(2) and 700.21(A)(4).

**C.    <u>Defenses to Plaintiff's Claims</u>**

1.    Edwina Rance did not have a "handicap" as defined by 42 U.S.C. §3602(h). Edwina Rance did not have a "disability" as defined by New York State Executive Law §292. Edwina Rance did not have a "disability" as defined by Westchester County Fair Housing Law §700.20.

2.    Defendants JVC5 acted upon advice of counsel.

3.    All monetary claims by the Estate of Edwina Rance have been settled, pursuant to "Agreement and Release", from June 2021.

4.    WRO lacks standing in light of the Estate's "Agreement and Release."

5.    Edwina Rance was not deprived of a reasonable accommodation, as her son lived with her.

6.    The Estate of Edwina has no demonstrable damages.

7.    Defendants have not violated 42 U.S.C §3604(f)(2) as the Ms. Rance owned her condominium.  Defendants did not discriminate against Ms. Rance in the terms, conditions or

269273392v.1

privileges of sale or rental of the condominium, or in the provision of services or facilities in connection with the condominium, as set forth in 24 C.F.R. §100.65.

8.      Defendants had not excluded individuals with mental disability from residing in any condominium in violation of 42 U.S.C. §3604(f)(2).

9.      Defendants did not refuse to make a reasonable accommodation under 42 U.S.C. §3604(f)(3)(B) because Ms. Rance was not entitled to a reasonable accommodation as she did not have a "handicap" as defined by 42 U.S.C. §3602(h).  Moreover, Defendants did not refuse to make a reasonable accommodation, plaintiff refused to provide the requested documentation to permit a further investigation.

10.      Defendants did not violate 42 U.S.C. §3617, as Ms. Rance was not engaged in a protected activity and she did not have a disability.

11.      Defendants did not violate New York State Executive Law §296(5)(a) because Ms. Rance did not have a disability within the meaning of Human Rights Law §292.  Moreover, Defendants did not reject a reasonable accommodation request, Ms. Rance failed to provide sufficient documentation.

12.      Defendants cannot be liable for a violation of New York State Executive Law both §296(6) and §296(5).

13.      Defendants have not violated New York State Executive Law §296(7).  Ms. Rance could not have opposed a forbidden practice as there was no forbidden practice by the Defendants.

14.      Defendant did not refuse to make reasonable accommodations to allow Ms. Rance to use her condominium.  Ms. Rance did not have a disability and failed to participate in the back-and-forth required when requesting a reasonable accommodation.

**D.    Claims to be tried by Defendants:**

1.    Parties entered into an Agreement and Release, dated June 30, 2021, where the Estate of Edwina Rance released Defendants from all monetary damages arising out of a lien against the Estate.  In exchange, Defendants agreed to discontinue and withdraw the counterclaim and 2018 lien against the condominium unit 88A

2.    The Agreement and Release was signed by Ronald Freyer, Executor of Ms. Rance's Estate; Michael Grace, Attorney for the Estate of Edwina Rance; and James Bahamonde, Attorney for the Estate of Edwina Rance in this present action.  As such, the Estate has no claims regarding the liens and the counterclaims are withdrawn in accordance with the Agreement.

**E.    Plaintiff Edwina Rance's Defenses to Counterclaim**

Plaintiffs respectfully request leave to submit a brief to demonstrate why, as a matter of law, Defendant's counterclaim is impermissible under New York State Real Property Law. As a matter of law, a condominium may only file a lien against the condominium unit for unpaid common charges, not fines. *See*, NYS Real Property Law 339-z and 339-aa. Common charges are defined as "each unit's proportionate share of the common expenses in accordance with its common interest." *See*, NYS Real Property Law 339-e(2); *see also* JVC No. 5 Bylaws (unambiguously stating that the bylaws were enacted to comply with the requirements of NYS Real Property Law). Further, as testified by each of Defendants' Rule 30(b)(6) witness, the lien filed against Ms. Rance's condominium unit was for undue payment of fines, not common charges. (*See*, Falcone Tr at 168:7 to 168:12 ("her common charges are not in arrears. The fine is in arrears.")

> **Q.**    Was that notice of lien filed by JVC
> against Ms. Rance's condominium unit?
>
> **A.**    Yes.

> **Q.**   And you're saying that was for the
> non-payment of outstanding fines?
>
> **A.**   That is correct.

(Falcone Tr at 161:6 to 161:12).

On June 30, 2021, Ronald Freyer, the fiduciary of the Estate of Edwina Rance, signed, under economic duress, an agreement to withdraw Plaintiff Edwina Rance's claim for damages in exchange for a satisfaction of the lawfully impermissible Lien filed by JVC No. 5, and dismissal of Defendant JVC No. 5's counterclaim. Defendant JVC No. 5, unjustly took advantage of the economic necessities of the Estate of Edwina Rance and thereby threatened to do not allow the Estate to sell the condominium unit, under any condition, unless the Estate agreed to pay the (unlawfully filed) lien for undue payment of fines.

Since the death of Ms. Rance in April 2020, her sons, have been trying to sell Ms. Rance's condominium unit, which had a mortgage. However, Defendant JVC No. 5 refused to allow the Estate to sell the condominium unit unless the Estate paid more than $90,000 to JVC No. 5 and withdraw their claim for damages from JVC No. 5. In fact, JVC No. 5 repeatedly stated it would not interview a potential buyer until their exorbitant monetary demand was paid.

In an attempt to sell the condominium unit, the Estate's real estate counsel, Michael Grace, proposed to JVC that the alleged amount due to could be paid into an escrow account held by Defendants pending a final resolution of the instant action. However, the proposal was rejected by JVC No. 5. Consequently, because the Estate could not afford the mortgage payments, it was left with no other alternative but to sign the agreement under economic duress. At the time the agreement was signed, and to the Court, the Estate provided notice that the agreement was signed under duress. Further, Eric Sauter, the attorney of JVC No. 5, did not

obtain authorization from the insurance carrier to withdraw the counterclaim or enter into the agreement. Consequently, Plaintiff Edwina Rance's claim for damages and Defendants' counterclaim against Plaintiff Edwina Rance shall be tried.

Plaintiff Edwina Rance asserts the following defenses to Defendant's counterclaim:

1.      Defendants' Counterclaim fails to state a cause of action upon which relief may be granted. *See*, Answer to Counterclaim, First Affirmative Defense

2.      Defendants are, as a matter of law, restricted by the condominium Bylaws to define fines the same as common charges. *See*, Answer to Counterclaim, Fourth Affirmative Defense

3.      Defendants' injuries are due, in whole or in part, to their own actions. *See*, Answer to Counterclaim, Fifth Affirmative Defense.

4.      Defendants Counterclaim is barred, in whole or in part, by unclean hands. *See*, Answer to Counterclaim, Sixth Affirmative Defense.

5.      Defendants waived their right to sue for breach of contract after they filed a Lien against the condominium unit owned by Edwina Rance. *See*, Answer to Counterclaim, Seventh Affirmative Defense

6.      The fines assessed by Defendants are invalid and not created in compliance with the Bylaws. *See*, Answer to Counterclaim, Eighth Affirmative Defense

7.      The fines assessed by Defendants are excessive and confiscatory. Tenth Affirmative Defense.

8.      The Lien filed by Defendants against the condominium unit owned by Ms. Rance is prohibited by New York State Real Property Law. Eleventh Affirmative Defense.

9.      Defendants have failed to plead the elements necessary for breach of contract.

*See*, Answer to Counterclaim, Twelfth Affirmative Defense.

**V.      Demand for jury any number of trial days need.**

Defendants demand a jury trial. Parties estimate 4 – 6 days of trial will be needed.

**VI.     Consent to Magistrate Judge**

Parties do not unanimously consent to a trial by Magistrate Judge.

**VII.    Stipulation or agreed statement of facts or law**

1.      During all times relevant to this action, Plaintiff Edwina Rance owned and resided in a condominium unit at Jefferson Village Condominium No. 5.

2.      The condominium unit owned by Ms. Rance is located in Yorktown Heights, New York, is a "housing accommodation" as defined in New York State Executive Law § 292(10) and Westchester County Fair Housing Law § 700.20(I).

3.      Defendant Jefferson Village Condominium No. 5 is located in Yorktown Heights, New York, and contains more than 10 separate housing accommodations. (Khoder Tr. at 50:4 to 50:15).

4.      Defendant Jefferson Village Condominium No. 5 is a domestic condominium organized under the Condominium Act of the State of New York located at Molly Pitcher Lane, Yorktown, County of Westchester.

5.      Defendant Jefferson Village Condominium No. 5 is governed by a Board of Managers ("condominium board") elected by the condominium unit owners.

6.      Defendant Jefferson Village Condominium No. 5 has retained the services of McGrath Management Services Inc. to manage its condominium development.

7.      The condominium complex of JVC No. 5 is a 55+-year-old age restricted community, and contains more than a dozen condominium units.

8.      By letter dated April 27, 2015, Edwina Rance requested approval from the board for her son, Daryl Rance, to live with her because she lost her job after years and it has caused her financial hardship.

9.      Westchester Residential Opportunities, Inc. is a private, not-for-profit fair housing organization devoted to fair housing advocacy and counseling.

10.     Plaintiff WRO is approved by the US Department of Housing and Urban Development ("HUD") to conduct fair housing investigations and enforcement.

11.     Westchester Residential Opportunities, Inc. is a nonprofit fair housing organization approved by the US Department of Housing and Urban Development ("HUD") to conduct fair housing investigations and enforcement

12.     The mission of WRO is to promote equal, affordable and accessible housing opportunities for all residents in its region, including Westchester County.

13.      The mission of WRO is to identify and counteract barriers to fair housing, and to promote equal, affordable and accessible housing opportunities for all residents in its region, including Westchester County.

14.     In fulfilling its mission, WRO offers various fair housing workshops developed to educate the disabled community as well as the general public about their respective rights and responsibilities.

15.     WRO responds to complaints of housing discrimination by investigating, counseling, educating, negotiating, mediating, and, in some instances, prosecutes claims of discrimination on behalf of clients.

16.     WRO provides intake counseling to individuals with allegations of housing discrimination, conducts testing and other investigations of allegations of housing discrimination,

makes legal referrals to cooperating attorneys, assists with preparation and filing of administrative housing discrimination complaints, negotiates and mediates allegations of housing discrimination, and provides instruction and education to the public about fair housing.

17.    WRO employs individuals as "testers," who pose as renters and homebuyers for the purpose of obtaining information about the design and construction of multifamily dwellings as well as the conduct of landlords, management companies, local governments, and others to determine whether illegal housing discrimination is taking place.

18.    In responding to Ms. Rance's claim of housing discrimination, WRO wrote a letter to Jefferson Village Condominium No. 5 advising of the housing discrimination laws which entitles Ms. Rance to a reasonable accommodation and urging reconsideration of its denial.

**VIII.    List of all witnesses each party expects to call on its case in chief, including a very brief description of the witness's role and/or the subject matter of his or her anticipated testimony, the amount of court time needed for each witness, and a statement as to whether any other party objects to the witness, with a brief summary of the substance of each witness's testimony and an indication whether such witness will testify in person or by deposition.**

Plaintiffs expects to call the witnesses listed below to testify on its case in chief. Plaintiffs reserve the right to call any witnesses identified by Defendants in its case in chief and for impeachment purposes.

1.    <u>Plaintiff Edwina Rance</u>

Ms. Rance will testify about her background and claims in this case. Ms. Rance will also testify about Defendant's counterclaim.

Ms. Rance will testify by deposition. Her examination is estimated to last five (5) hours and her cross-examination is expected to last two (2) hours.

2.      Marlene Zarfes, Executive Director of Plaintiff Westchester Residential Opportunities, Inc.

Ms. Zarfes will testify about her background, the mission of Westchester Residential Opportunities, Inc. ("WRO"), housing discrimination in Westchester County, the investigation conducted by in response to Ms. Rance's claims of housing discrimination against Defendants, advocacy assistance WRO provided to Ms. Rance, Ms. Rance and Defendant's responsibilities when a request for reasonable accommodation is made, unlawful statements under the FHA, and claims in this case. Ms. Zarfes will also testify about the factual basis of WRO's request for compensatory damages and injunctive relief.

Ms. Zarfes will testify in person and is estimated to last 4.5 hours and her cross-examination is expected to last one to two (1-2) hours.

3.      Ronald Fryer will testify about his interaction with Edwina Rance, Daryl Freyer, and what he observed regarding his mother's mental state, interaction with persons who reside at Jefferson Village, mother's reputation, (FRE 803(21)), the damages claimed by the Estate, conditions and terms related to the sale of Ms. Rance's condominium unit, the economic duress and why he entered into the June 30, 2021 agreement with JVC No. 5.

Mr. Fryer will testify in person and is estimated to last 2.5 hours, and his cross-examination is expected to last one (1) hour. Regular government New York idea

4.      Rajneesh Uppal MD, physician of Edwina Rance, will testify about her background and treatment of Edwina Rance.

5.      Dr. Uppal will testify in person and is estimated to last 1 hour, and her cross-examination is expected to last one (1) hour.

6.      Thomas D. Eustace, Ph.D., psychologist of Edwina Rance, will testify about his background and treatment of Edwina Rance.

Dr. Eustace will testify in person and is estimated to last 2 hours, and his cross-examination is expected to last one (1) hour.

7.    <u>Michael Grace</u> will testify about the conditions of sale of Ms. Rance's condominium unit.

Mr. Grace will testify in person and is estimated to last 45 minutes, and his cross-examination is expected to last thirty (30) minutes.

8.    <u>Richard Falcone</u>, President of the Board of Directors of JVC No. 5 Condominium. Mr. Falcone is also the Rule 30(b)(6) designated witness JVC No. 5. He will testify in person regarding his background, claims in this case, and events regarding the sale of Ms. Rance's condominium unit.

Mr. Falcone's adverse direct examination is estimated to last 2.5 hours.

9.    <u>Hussein Khoder</u>, owner and Rule 30(b)(6) designated witness of McGrath Management Inc. Plaintiffs intend to call Hussein Khoder as an adverse witness. Mr. Khoder will testify about his background, McGrath Management Inc., and related to the management of the Jefferson Village Condominium.

Mr. Khoder's adverse direct examination is estimated to last 45 minutes.

10.    <u>Rochelle Saks</u> will testify about her background, responsibilities and experiences as an Assistant Property Manager at McGrath Management and Jefferson Village Condominium No. 5, as well as her participation in board meetings at JVC No. 5 and Jefferson Village.

Ms. Saks will testify in person and her testimony is estimated to last 45 minutes.

<u>Defendant's Witnesses</u>

1.    Richard Falcone, President of the Board of Directors of JVC No. 5 –Mr. Falcone will testify in person regarding his background, the claims in this case, and Ms. Rance. Mr.

Falcone's direct examination is estimated to last 1.5 hours, and his cross-examination is expected to last thirty (30) minutes.

2.      Hussein Khoder, owner of McGrath Management Inc. – Mr. Kohder will testify about McGrath Management, the claims in this case, and the management of JVC 5. Mr. Khoder's direct examination is estimated to last 1.5 hours, and his cross-examination is expected to last 30 minutes.

3.      Timothy Coon, Esq., counsel for JVC 5 – Mr. Coon will testify regarding his background and the claims in this case. Mr. Coon's direct examination is estimated to last 1.5 hours, and his cross-examination is expected to last 30 minutes.

**IX.    Designation of Excerpts to be Offered at Trial**

1.      Plaintiffs intend to offer the following excerpts at trial for purposes other than impeachment or rebuttal:

2.      Plaintiffs respectfully reserve the right to offer any relevant and probative excerpts from the Rule 30(b)(6) deposition taken in this case, namely, the deposition transcript of Richard Falcone dated August 7, 2019.

3.      Plaintiffs respectfully reserve the right to offer any relevant and probative excerpts from the depositions of Defendant JVC No. 5's agents and employees, taken on matters within the scope of their employment or agency while that relationship existed, namely, the deposition transcript of Hussein Khoder dated September 11, 2019; and the deposition transcript of Rochelle Saks dated September 11, 2019.

4.      Without waiving the rights reserved in Paragraphs 2 – 3, *supra*, Plaintiffs identify the following specific excerpts that they intend to offer at trial for purposes other than impeachment or rebuttal:

A.  **Edwina Rance**: Deposition transcripts of Edwina Rance dated July 10, 2019 and

July 17, 2019.

| Page and Line Designation | Objection |
|---|---|
| General Objection: Defendants object to the vast use of incomplete quotations or lines of questioning designated by plaintiff's counsel.  As Ms. Rance is deceased, all testimony will be read.  It will likely lead to jury confusion if selected quotes are used with the preceding, succeeding, or interceding questions and answers omitted. Cross-examination will likely confuse a jury or prejudice the Defendants, as Defendants will be forced to repeat the selected testimony to contextualize the purposeful omissions. | |
| July 10 Tr. At 23:03 to 23:10 | |
| July 10 Tr. At 24:04 – 24:23 | |
| July 10 Tr. at 25:02 – 25:25 | |
| July 10 Tr. at 42:05 – 42:17 | • 15-17 – calls for a legal conclusion |
| July 10 Tr. at 43 – 44:15 | |
| July 10 Tr. at 49:10 – 49:18 | |
| July 10 Tr. at 50 – 54 | • Incomplete line of question at beginning; |
| July 10 Tr. at 56:08 – 58:10 | |
| July 10 Tr. at 60:07 – 60:23 | |
| July 10 Tr. at 63:11 – 64:09 | • Portions of testimony are nonresponsive (64:4-9) |
| July 10 Tr. at 64:10 – 65:13 | |
| July 10 Tr. at 71:11 – 72:09 | • Incomplete line of questioning; continued until 72:15. |
| July 10 Tr. at 73:08 – 75:07 | • Incomplete line of questioning. |
| July 10 Tr. at 76:08 – 79:17 | • Incomplete line of questioning. |
| July 10 Tr. at 78:20 | • Incomplete line of questioning |
| July 10 Tr. at 80:02 – 82:10 | |
| July 10 Tr. at 84:16 – 87:23 | |
| July 10 Tr. at 88:08 – 97:25 | • Incomplete line of questioning; omits preceding questions and final response |

| | |
|---|---|
| | • 95:9-10 – Legal conclusion |
| July 10 Tr. at 98: 04 – 98:10 | |
| July 10 Tr. at 98:20 – 98:24 | • Incomplete line of questioning by omitting 98:25 |
| July 10 Tr. at 99 – 100 | • Incomplete line of questioning |
| July 10 Tr. at 103-104 | • Incomplete line of questioning |
| July 10 Tr. at 105 – 106 | |
| July 10 Tr. at 108 – 109 | • Incomplete line of questioning |
| July 10 Transcript at 110 | • Incomplete line of questioning |
| July 10 Transcript at 114 | • Hearsay |
| July 10 Transcript at 144 to 146 | |
| July 10 Transcript at 147-149 | |
| July 10 Tr. at 153:17 – 154:24 | • Incomplete line of questioning |
| July 10 Tr. at 166:09 | • Incomplete line of questioning; omits 10-13 |
| July 10 Tr. at 166:14 to 166:16 | • Incomplete line of questioning |
| July 10 Tr. at 166: 20 | • Incomplete quotation |
| July 10 Tr. at 167:03-167:23 | • Incomplete line of questioning |
| July 10 Tr. at 168:09-169:11 | • Incomplete line of questioning |
| July 10 Tr. at 170:21-171:09 | |
| July 10 Tr. at 171:14 – 172 | • Hearsay |
| July 10 Tr. at 173:16-173:25 | |
| July 10 Tr. at 174:02-174:11 | |
| July 10 Tr. at 174:25 – 175 | • Incomplete line of questioning "combative" is from a preceding Q&A. |
| July 10 Tr. at 174:14-134:21 | • Not a proper citation, unknown what plaintiff is asserting |

| | |
|---|---|
| | • Hearsay |
| July 10 Tr. at 176:09-177:22 | |
| July 10 Tr. at 179:11 – 179:19 | |
| July 10 Tr. at 180:12 – 180:25 | • Hearsay |
| July 10 Tr. at 180:20-182: 07 | • Incomplete line of questioning, begins mid-quotation.<br>• Hearsay |
| July 10 Tr. at 182:08-183:16 | |
| July 10 Tr. at 183:05-183:16 | |
| July 10 Tr. at 187:21 – 188:06 | • Omits line of questioning beginning at 187:15-20 |
| July 10 Tr. at 193:13-193:17 | • Omits 193:18 |
| July 10 Tr. At 193:19-193:23 | • Omits 193:18 |
| July 10 Tr. at 197:23 – 198:11 | |
| July 10 Tr. at 201:17-201:25 | |
| July 10 Tr. at 202:11-204:17 | • Incomplete line of questioning, 204:18-25 are necessary if quoting 205 below. |
| July 10 Tr. at 205 | • Omits line of questioning preceding 205; begins mid-answer. |
| July 10 Tr. at 206:20-207:05 | • |
| July 10 Tr. at 211:11 to 211:22 | • Incomplete line of questioning |
| July 10 Tr. at 212:08 to 213:03 | • Incomplete line of questioning.  Lines 212:11-20, are a response to 211:23-25, 212-2-7, which plaintiff has omitted. |
| July 10 Tr. At 214:22 – 214:25 | • Incomplete line of questioning; omits the subject matter that plaintiff disagreed with set forth in 203-204. |
| July 10 Tr. At 216:02-216:14 | • Incomplete line of questioning; references an entry that is discussed on 215. |

| | |
|---|---|
| July 10 Tr. at 221:07-222:16 | |
| July 10 Tr. at 223:05 – 223:19 | • Incomplete line of questioning. |
| July 10 Tr. at 224:7 to 224:17 | |
| July 10 Tr. at 228:02-228:09 | • Incomplete line of questioning, 228 begins mid-answer. |
| July 10 Tr. at 229:08 | |
| July 10 Tr. at 247:08-240:13 | • Incomplete line of questioning; questioning is regarding note discussed on 246:21-25, 247:2-8. |
| July 17 Tr at 07:07-07:13 | |
| July 17 Tr at 09:06-09:12 | |
| July 17 Tr at 10:20-10:23 | |
| July 17 Tr at 60:21-61:23 | |
| July 17 Tr at 63:08-63:17 | • Hearsay, 14-17 |
| July 17 Tr at 68:14-68:19 | • Hearsay |
| July 17 Tr at 68:20-68:24 | |
| July 17 Tr at 70:03-: 70:14 | • Hearsay |
| July 17 Tr at 71:10-71:18 | • Incomplete line of questioning; questioning is regarding note discussed prior to quotation. |
| July 17 Tr at 72 | • Speculation |
| July 17 Tr at 73:10-73:13; 73:21-73:23 | • Incomplete line of questioning; • Mischaracterizes testimony |
| July 17 Tr at 60:21-61:23 | |
| July 17 Tr at 63:08-63:17 | • Hearsay 63:14-17 |
| July 17 Tr at 68:14-68:19 | • Hearsay |
| July 17 Tr at 85:04-85:06 | |
| July 17 Tr at 94:06-95:01 | |
| July 17 Tr at 97:11-98:01 | |
| July 17 Tr at 98:02-98:09 | • 98:8-9 – Relevance, prejudicial. |
| July 17 Tr at 107:13-108:21 | • 108:20-21 – Relevance, prejudicial. |

Counsel for Plaintiffs does not intend to read the objections and colloquy that may be contained within some of these citations.

B.   **Richard Falcone**, President of the Board of Managers of JVC No. 5. Mr. Falcone is designated as the Rule 30(b)(6) witness for JVC No. 5.

| Page and Designation | Objection |
|---|---|
|  | Defendants object to the use of Mr. Falcone's transcript for testimony purposes, as Mr. Falcone is expected to be available for testimony at the time of trial.  Plaintiff may still use Mr. Falcone's testimony for impeachment purposes. |
| 14:19 to 14:21 | • Relevance |
| 22:21 to 23:18 | • Calls for legal conclusion by non-lawyer |
| 30:2 to 30:10 |  |
| 33:15 to 33:25 | • Calls for legal conclusion by non-lawyer |
| 34:21 to 35:8 |  |
| 36:25 to 37:3 | • Mischaracterizes testimony – Omits objection and clarification in the record |
| 38:4 to 38:25 | • Omits full answer and line of questioning |
| 39:16 to 39:24 |  |
| 40:5 to 40:13 |  |
| 40:18 to 40:22 |  |
| 41 | • Omits preceding question and beings mid-answer.<br>• Relevance<br>• Mischaracterization<br>• Omits continued question and answer on 42. |
| 42:12 to 42:19 | • Relevance<br>• Prejudicial, never enacted |
| 44:9 to 44:15 |  |
| 44:18 to 45:3 |  |
| 46:14 to 46:25 | • Mischaracterizes testimony, omits 47:2-5 |
| 48:3 to 48:16 |  |
| 48:23 to 49:2 |  |
| 52-53 |  |

| | |
|---|---|
| 55:23 to 56:3 | |
| 58:19 to 58:25 | |
| 59:17 to 59:20 | • Mischaracterization of testimony - Omits preceding question & context<br>• Vague<br>• Relevance |
| 64:2 to 64:14 | |
| 64:17 to 64:23 | |
| 66:24 to 67:12 | • Relevance<br>• Documents speak for themselves |
| 69:16 to 70:5 | • Speculation – asks hypothetical |
| 71:12 to 71:19 | |
| 71:20 to 71:24 | |
| 74:19 to 74:23 | • Speculation |
| 74:24 to 75:7 | • Vague, 74-25-25, 75-7. |
| 75:8 to 75:16 | |
| 75 and 76 | • Omits testimony preceding and succeeding these pages in the middle of questions or answer. |
| 77:3 to 77:9 | • Mischaracterizes testimony |
| 77:3 to 79:2 | |
| 79:3 to 79:5 | |
| 79:19 to 79:25 | • Incomplete testimony, ends on a question. |
| 79:24 to 80:15 | |
| 81 | • Incomplete – questions beings on 80<br>• Incomplete – answer continues onto 82 |
| 82:3 to 82:7 | |
| 82:11 to 82:17 | |
| 82:18 to 83:8 | |
| 84:19 to 85:15 | |
| 85:16 to 85:19 | |
| 86:25 to 88:10 | |
| 89:11 to 89:16 | • Attorney/client privilege |
| 89:22 to 90:3 | |
| 91:2 to 92:5 | |
| 100:19 to 101:4 | • Letter speaks for itself<br>• Speculation |
| 102:8 to 103:8 | • Letter speaks for itself |
| 104:9 to 104:21 | |
| 109:24 to 110:18 | |
| 111:6 to 111:11 | |
| 113:17 to 114:11 | • "Limitations" is vague, as objected to during the deposition |

| Page and Designation | Objection |
|---|---|
|  | • Speculation<br>• Document speaks for itself |
| 114:23 to 115:19 |  |
| 120:4 to 122:8 | • Document speaks for itself<br>• Speculation |
| 137:10 to 138:4 | • Calls for a legal conclusion from a non-lawyer |
| 138:5 to 138:14 | • Calls for a legal conclusion from a non-lawyer |
| 140:15 to 140:22 | • Calls for a legal conclusion from a non-lawyer |
| 145:21 to 146:4 |  |
| 156:2 to 156:12 |  |
| 161:06 – 161:12 |  |
| 168:7 to 168:12 |  |

Counsel for Plaintiffs does not intend to read the objections and colloquy that may be contained within some of these citations.

C.    **Hussein Khoder**, Rule 30 (b)(6) witness of McGrath Management Services Inc.; deposition transcript of Mr. Khoder dated August 2, 2019

| Page and Designation | Objection |
|---|---|
|  | Defendants object to the use of Mr. Falcone's transcript for testimony purposes, as Mr. Falcone is expected to be available for testimony at the time of trial.  Plaintiff may still use Mr. Falcone's testimony for impeachment purposes. |
| 4:8 to 4:14 |  |
| 29:15 to 30:10 |  |
| 31:8 to 31:25 |  |
| 33:17 to 34:6 |  |
| 56:4 to 56:12 |  |
| 60:11 to 60:16 |  |

Counsel for Plaintiff does not intend to read the objections and colloquy that may be contained within some of these citations.

D.    **Rochelle Saks**, nonparty subpoenaed witness; deposition transcript of Ms. Sacks dated August 8, 2019.

| Page and Designation | Objection |
|---|---|
| 4:8 to 4:10 | |
| 5:10 to 5:17 | |
| 8:10 to 8:25 | |
| 9:19 to 11:9 | |
| 12:12 to 12:22 | • Hearsay |
| 12:23 to 13:15 | • Hearsay |
| 13:16 to 14:6 | • Hearsay |
| 14:7 to 14:14 | • Hearsay |
| 14:15 to 14:25 | • Hearsay |
| 15:15 to 15:21 | • Hearsay |
| 17:4 to 17:10 | • Hearsay |
| 21:8 to 21:17 | |
| 29:3 to 30:6 | • Relevance<br>• Opinion |
| 30:17 to 31:16 | |
| 32:25 to 33:9 | • Relevance<br>• Opinion |

Counsel for Plaintiff does not intend to read the objections and colloquy that may be contained within some of these citations.

Defendants' Designated Testimony

5.    Defendants intend to offer the following excerpts at trial for purposes other than impeachment or rebuttal:

| Deposition of Edwina Rance – July 10, 2019 | | |
|---|---|---|
| Page | Line | Objection |
| 30-31 | 2-25; 2-6 | Irrelevant (FRE 401/402) ); Prejudice, Confusion, Waste of Time etc. (FRE 403) |
| 32 | 2-9 | Irrelevant (FRE 401/402) ); Prejudice, Confusion, Waste of Time etc. (FRE 403) |
| 41 | 11-20 | Irrelevant (FRE 401/402) ); Prejudice, Confusion, Waste of Time etc. (FRE 403) |

| 42 | 5-20 | Objection to 42:18 – 42:20); Irrelevant (FRE 401/402) ); Prejudice, Confusion, Waste of Time etc. (FRE 403) |
| 43 | 2-25 | Objection to 43:2 – 43:5; Irrelevant (FRE 401/402) ); Prejudice, Confusion, Waste of Time etc. (FRE 403) |
| 44 | 2-4 | |
| 47 | 12-20 | |
| 47-48 | 21-25, 2-3 | |
| 48 | 17-21 | |
| 51 | 3-8 | |
| 53 | 12-20 | |
| 57 | 21-25 | |
| 58 | 8-10 | |
| 60 | 7-17 | |
| 64 | 10-25 | |
| 65 | 2-13 | |
| 70 | 6-20 | |
| 70-71 | 24-25; 2-9 | |
| 71 | 11-21 | |
| 72 | 3-15 | |
| 77 | 5-13, 19-24 | |
| 81 | 6-25 | |
| 82 | 2-10 | |
| 82-83 | 22-25, 2-13 | Objection as to 82:22-83:13; Irrelevant (FRE 401/402) ); Prejudice, Confusion, Waste of Time etc. (FRE 403) |
| 88-89 | 8-25, 2-6 | |
| 89 | 7-13 | |
| 89-90 | 21-25, 2-9 | |
| 90-91 | 18-25; 2-22 | |
| 92 | 19-22 | |
| 93 | 12-25 | |
| 94-95 | 22-25; 2 | |
| 95 | 20-25 | |
| 98, 99 | 15-25; 2-15 | Objection as to 99:2-99:15; Irrelevant (FRE 401/402); Prejudice, Confusion, Waste of Time etc. (FRE 403) |
| 99-100 | 24-25; 2-5 | |
| 100 | 14-23 | |
| 100-101 | 24-25;2-8 | Objection as to 100:24-100:25; Irrelevant (FRE 401/402); Prejudice, Confusion, Waste of Time etc. (FRE 403) |
| 101-102 | 25;3-10 | |

| 102-104 | 12-25; 2-8; 11-25; 2-9 | Objection as to 102:12-102:25; Irrelevant (FRE 401/402); Prejudice, Confusion, Waste of Time etc. (FRE 403) |
|---|---|---|
| 105 | 2-4 | |
| 105-106 | 24-25; 2-13 | |
| 108 | 13-16 | |
| 110 | 4-13 | |
| 116 | 14-23 | |
| 128 | 19-21 | |
| 128-129 | 24-25; 2-15 | |
| 130 | 13-14 | |
| 131 | 3-10 | |
| 132-133 | 24-25; 2-3 | |
| 134 | 3-8 | |
| 135-136 | 20-25; 2-21 | |
| 137 | 17-22 | |
| 138 | 11-22 | |
| 140 | 13-19 | |
| 157-158 | 20-25; 2-3 | |
| 180 | 6-10 | Privilege Information (FRE 502) |
| 187-188 | 25; 2-6 | |
| 188 | 11-15 | |
| 189-190 | 24-25; 2-10 | |
| 191-192 | 24-25; 2-7 | |
| 202-203 | 23-25; 2-13 | |
| 204-205 | 10-22 | |
| 208-209 | 21-25; 2-4 | |
| 216 | 2-14 | |
| 217 | 3-11 | |
| 217-218 | 18-25; 2-3 | |
| 220 | 3-12 | |
| 222-223 | 7-10; 20-25; 2-8 | |
| 223-224 | 24-25; 2-6 | |
| 224 | 15-17 | |
| 227-228 | 24-25; 2-9 | |
| 229 | 13-22 | |
| 237 | 16-20 | |
| 250 | 8-9 | |

| **Deposition of Edwina Rance – July 17, 2019** | | |
|---|---|---|
| **Page** | **Line** | **Objections** |
| 14 | 6-16 | |

| 16 | 14-16, 18-25 | |
|----|--------------|--|
| 17 | 1-25 | Speculation (FRE 602); Opinion (701) |
| 18 | 1-14 | Speculation (FRE 602); Opinion (701) |
| 19 | 16-17 | |
| 20 | 9-12 | |
| 72 | 9-12 | |
| 73-74 | 3-5, 10-25; 2-7 | |
| 89 | 13-23 | |
| 96 | 16-18 | |
| 97-98 | 11-25; 2-7 | |
| 98-99 | 21-25; 1-13 | |
| 102 | 19-21 | |
| 108 | 17-19 | |
| 111 | 7-13 | |

| **Deposition of Marlene Zarfes – July 31, 2019** | | |
|---|---|---|
| **Page** | **Line** | **Objections** |
| 14 | 3-16 | |
| 19; 21 | 10-17; 5-12 | |
| 23 | 7-11 | |
| 35-36 | 24-25, 2-4 | Speculation (FRE 602); Opinion (701) |
| 45-45 | 24-25; 2-5 | |
| 62 | 9-13 | Speculation (FRE 602); Opinion (701) |
| 63-64 | 19-25; 2-5 | |
| 64 | 18-25 | |
| 70 | 11-15 | Irrelevant (FRE 401/402); Prejudice, Confusion, Waste of Time etc. (FRE 403) |
| 74 | 11-14, 17 | Speculation (FRE 602); Opinion (701) |
| 79-80 | 22-25;4-5 | Speculation (FRE 602); Opinion (701) |
| 80 | 6-25 | Irrelevant (FRE 401/402) ); Prejudice, Confusion, Waste of Time etc. (FRE 403) |
| 81 | 12-14; 23 | Irrelevant (FRE 401/402) ); Prejudice, Confusion, Waste of Time etc. (FRE 403); Ultimate Issue (704) |
| 86 | 8-12 | |
| 89 | 8-11; 14-16 | Speculation (FRE 602); Opinion (701) |
| 115 | 5-18 | |
| 155 | 13-18 | |

| **Deposition of Hussein Khoder – August 2, 2019** | | |
|---|---|---|
| **Page** | **Line** | |
| 27-28 | 20-25; 2-18 | |

269273392v.1

| 29-30 | 15-25; 2 | |
| 58 | 5-13 | |
| 62 | 8-16 | |
| 64 | 4-10 | |
| 73 | 6-19 | |

| Deposition of Richard Falcone – August 7, 2019 | | |
|---|---|---|
| **Page** | **Line** | **Objections** |
| 75 | 4-19 | |
| 77-78 | 10-25; 2-12 | |
| 83 | 14-24 | |
| 92 | 6-15 | |
| 162 | 8-19 | |

**X.     A list by each party of exhibits to be offered in its case in chief, with a notation indicating the basis for admissibility of each exhibit with citation to Fed. R. Evid., as well as a notation indicating exhibits to which there is an objection and the basis therefor. The failure to include a notation and basis may be deemed a waiver of any objection.**

Subject to the Court's decision concerning Plaintiff's motions in limine, Plaintiffs anticipate offering the following exhibits in their case in chief

Plaintiffs' List of Trial Exhibits is annexed hereto as Exhibit 1.

**Defendants List of Trial Exhibits**

| Exhibit | Description | Objection |
|---|---|---|
| A | JVC000016-000017; TE00001 – Letters from Dr. Eustace | |
| B | TE00002-TE00035; Notes from Dr. Eustace | |
| C | ER00017-ER00018 – JVC's May 5, 2017 Letter to ER requesting documentation | |
| D | ER00019 – ER's May 10, 2017 Response to JVC Request | |
| E | ER00021 – JVC's Response to May 25, 2017 Letter | |
| F | ER00097-00098 – Note by ER regarding payment made by Daryl Rance | After-acquired evidence; Incomplete, should not be considered (FRE 106); Irrelevant (FRE 401/402); Prejudice, Confusion, Waste of Time etc. (FRE 403); |

| | | Attorney-Client Privilege (FRE 502) |
|---|---|---|
| G | MM000021-MM000024 – McGrath Management contract with JVC5 | |

Parties will continue to meet and confer regarding their respective objections in an effort to resolve all objections and issues prior to presenting them to the Court. Parties reserve the right to offer exhibits not on the exhibit list for impeachment.

**XI    A statement of the relief sought, including damages claimed, itemizing each component or element of the damages sought with respect to each claim, and including the manner and method used to calculate the claimed damages.**

Plaintiffs seek a permanent injunction, and actual, compensatory and punitive damages, including prejudgment interest.

Edwina Rance fees compensatory damages for the loss of rights, humiliation, embarrassment, retaliation, and emotional distress caused by Defendants' discrimination, about which Ms. Rance will testify by deposition transcript.

In response to Ms. Rance's complaints of housing discrimination, WRO expended staff time and other resources to investigate her claim of housing discrimination; provided her with counseling; researched federal, state, and local housing discrimination laws; communicated with McGrath Management Services, Inc., to advise them of the federal, state, and local housing laws prohibiting disability discrimination and failure to provide reasonable accommodation; held staff meetings concerning Ms. Rance's predicament; conducted fair housing testing, and kept a log and record of the foregoing events. The cost of the two tests conducted is the total loss of $3600.

WRO's effort to promote equal access to housing through counseling, investigation and education have been frustrated by Defendants because the organization has expended its limited resources in assisting Ms. Rance in dealing with Defendants' unlawful housing practices. This has limited WRO from engaging in other opportunities to provide counseling, training, and assistance.

All of these activities have diverted the status of WRO from spending time on other activities and caused WRO to incur the cost of staff time devoted to responding to Ms. Rance's complaints in the total loss of $6372.50.have taken no steps since the filing of this lawsuit to stop the discriminatory practices. Defendants' illegal action increases the resources WRO must devote to programs independent of its suit challenging Defendants' unlawful housing practices to identify and counteract discriminatory housing practices. In an effort to overcome this continuing frustration of mission, it is necessary and appropriate to require the implementation of anti-discrimination policies and procedures, fair housing training, compliance monitoring – including future testing of Defendants, and other measures, which costs are estimated to be $48,600.00.

Plaintiffs seek a permanent injunction as well as an award of damages in the amount to be determined at trial, including prejudgment interest, for compensatory damages jointly and severally against Defendants for the mental anguish, humiliation, embarrassment and emotional pain and suffering for the unlawful housing discrimination perpetuated by Defendants, and loss of housing opportunities caused by Defendants' discriminatory conduct against Edwina Rance.

The actual damages sought by Plaintiff WRO stems from its diversion of resources and frustration of mission in the amount itemized in document annexed hereto as Exhibit 2.

Defendants have not ceased or will cease in the near future without appropriate injunctive relief its discriminatory policy, practices, and procedures. As such, the court may exercise its equitable power under the FHA, New York State Law, and Westchester County Fair Housing Law, to enter a permanent injunction against Defendants as more fully set forth in the document annexed hereto as Exhibit 3.

**XII.    A statement as to whether the parties consent to a less than unanimous verdict.**

Parties do not unanimously consent to a less than unanimous verdict.

Respectfully Submitted this 28th day of March, 2022

LAW FIRM OF JAMES E. BAHAMONDE, P.C.

By: /s/ James E. Bahamonde
    James E. Bahamonde
    Law Firm of James E. Bahamonde, PC
    2501 Jody Court
    North Bellmore, NY 11710
    (646) 290-8258
    james@civilrightsny.com

ATTORNEYS FOR PLAINTIFFS

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP.

By: /s/ Eric J. Sauter
Eric J. Sauter
1133 Westchester Avenue
White Plains, New York 10604
Phone: 914-872-7718

ATTORNEYS FOR DEFENDANTS