UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Edwina Rance and Westchester Residential Opportunities, Inc.,<br><br>                                    Plaintiffs<br><br>             - against -<br><br>Jefferson Village Condominium No. 5, and Mcgrath Management Services Inc.<br>                                    Defendants | 18 Civ. 6923 (PMH)<br><br>**PLAINTIFFS' PROPOSED INJUNCTION** |

Plaintiffs Edwina Rance and Westchester Residential Opportunities, Inc. ("WRO") respectfully propose the following injunction:

## I.     GENERAL INJUNCTION

1.     Defendants and their agents, employees, and successors, and all other persons in active concert or participation with Defendants are hereby enjoined from:

   a)     having its Declaration and bylaws state a limitation, preference, or discrimination based on mental disability;

   b)     issuing a newly created fine without first distributing notice of the fine to unit owners;

   c)     making fines that are confiscatory by their application;

   d)     placing a lien on a condominium unit for unpaid fines.

2.     Defendants and their agents, employees, and successors, and all other persons in active concert or participation with Defendants are hereby enjoined from discriminating against any persons on the basis of disability in violation of the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (the "FHA"), New York State Human Rights Law §296 *et seq.*, Westchester County Fair Housing Law, Westchester County Administrative Code, § 700.21 *et seq.*, in any manner,

including without limitation:

    a)     Discriminating by refusing to make reasonable accommodations in the rules, policies, practices, or services, when such accommodation is necessary to afford a person with a mental disability equal opportunity to use and enjoy a dwelling;

    b)     Discriminating in the terms, conditions, or privileges of a dwelling because of disability, including imposing more onerous conditions on persons who have mental disabilities;

    c)     Making, printing or publishing any statement with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination on the basis of disability;

    d)     Making statements declaring that Defendants are exempted from New York State Human Rights Law as it relates to housing discrimination and reasonable accommodation.

    e)     Coercing, intimidating, threatening, or interfering with any person, including Plaintiffs, in the exercise or enjoyment of or on account of having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of any rights granted or protected by the Fair Housing Act; and

f) Enacting and enforcing a rule or policy for the purpose of excluding individuals with mental disabilities from residing at JVC No. 5 multifamily condominium dwelling;

g) Creating a rule, practice or policy that has a disparate impact against a person with a mental disability;

h) Coercing, intimidating, threatening, and interfering with any person in the exercise or enjoyment of, or on account of his or her having exercise or enjoyed, or any right granted or protected by the Fair Housing Act;

i) Aiding, abetting, compelling, or coercing the doing of any of the acts forbidden by the New York State Human Rights Law regarding housing.

## II. NON-DISCRIMINATION POLICY

Unless stated otherwise to the contrary, the following provisions shall go into effect within thirty (30) days of the date of this Order:

3. Defendants shall each adopt a written non-discrimination policy that prohibits discrimination in housing in violation of the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (the "FHA"), New York State Human Rights Law §296 *et seq.,* Westchester County Fair Housing Law, Westchester County Administrative Code, § 700.21 *et seq.,* by their agents and employees and that includes a list of all of the specific protected characteristics covered by these laws, including disability.

4. Defendants shall provide Plaintiff WRO with a copy of the non-discrimination policy within ten (10) days of its adoption.

## III. FAIR HOUSING TRAINING

5. Within ninety (90) days of the date of this Order, Defendants shall contract with a third party provide the following three (3) hour fair housing training programs to be conducted

by a third-party, not the Defendants, acceptable to the Plaintiffs. The training shall include informing individuals of their duties and obligations under a) this Order, b) the Defendants' non-discrimination policy; and c) the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (the "FHA"), New York State Human Rights Law §296 *et seq.,* Westchester County Fair Housing Law, Westchester County Administrative Code, § 700.21 *et seq.*

6. The persons required to attend the training described above shall include the Board of Managers of JVC No. 5, President of the Board of JVC No. 5, and McGrath Management Services, Inc.'s employees whose job duties relate to the management of multifamily dwellings, including obtaining and disseminating information about multifamily dwellings.

7. Each person who attends the training described above shall sign a certification indicating that he or she has received, read, and understood Defendants non-discrimination policy and has attended the training.

8. Within thirty (30) days of commencing employment with Defendants, each new employee with job duties related to a multifamily condominium development, shall be given a copy of Defendant's non-discrimination policy and be required to sign a certification indicating that he or she has received, read, and understood the policy.

9. Once per year for the length of this Order, the President of the Board of JVC No. 5, the Board Members of JVC No. 5, and each employee of McGrath Management Services, Inc. whose job duties related to the management of multifamily condominium developments, shall attend a three-hour fair housing training program conducted by a third-party acceptable to Plaintiffs, but who is not a party to this action and is not a current or former employee or agent of either of Defendants.

10. The training shall be conducted at Defendants' expense. Defendants shall retain

all training verifications signed by trainees for the length of this Order.

## IV. COMPLIANCE TESTING

11. Within ninety (90) days of the date of entry of this Order, each Defendant at its own expense shall contract with Plaintiff WRO to conduct disability related fair housing tests of each Defendant. The contracts shall provide sufficient financial compensation to enable Plaintiff WRO to conduct at least six (6) in-person tests of JVC No. 5 and two (2) in-person tests of McGrath Management Services, Inc. on an annual basis during the term of the Order.

## V. RECORDKEEPING REQUIREMENTS

12. Defendants shall maintain sufficient records to verify compliance with the terms of this Order and shall make such records available to Plaintiff WRO upon request and reasonable notice.

## VI. TERM AND ADMINISTRATION OF ORDER

13. Westchester Residential Opportunities, Inc. shall be bound by the terms of this injunction for a period of five (5) years.

14. McGrath Management Services, Inc. shall be bound by the terms of this injunction for a period of three (3) years.