**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Edwina Rance and Westchester Residential Opportunities, Inc., | 18 Civ. 6923 (PMH) |
| Plaintiffs | **JOINT PROPOSED INSTRUCTIONS TO THE JURY** |
| - against - | |
| Jefferson Village Condominium No. 5,  and McGrath Management Services Inc. | |
| Defendants | |

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and this Court's Order dated January 31, 2022, the parties hereby submit the following proposed jury instructions.  The parties reserve the right to submit additional or modified instructions as the trial progresses based upon the posture of the trial and the evidence produced and admitted.

I.       **INSTRUCTIONS TO BE READ AT START OF TRIAL**

**JOINT PROPOSED JURY INSTRUCTION NO. 1**

**Preliminary Instruction**

**Introduction – Opening Instructions**

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

It is your duty to find the facts from all the evidence presented in the case. To those facts you will apply the law as I give it to you, whether you agree with the law or not. You must not be influenced by any personal likes or dislikes, opinions, or prejudices. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

1

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The parties who sue in this case are called the Plaintiffs. In this action, the Plaintiffs are Edwina Rance and Westchester Residential Opportunities, Inc.  The parties being sued are called the Defendants. In this action, the Defendants are Jefferson Village Corporation No. 5 and McGrath Management Services, Inc.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as "the Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

2

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence. You should avoid reading any news articles that might be published about the case. You should also avoid watching or listening to any television or radio comments about the trial.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Authority: 3 Fed. Jury Prac. & Instr. § 101.01 (5th ed.).

**JOINT PROPOSED JURY INSTRUCTION NO. 2**

**SUMMARY OF CLAIMS**

The claims in this case have been brought under the Fair Housing Act, New York State Human Rights Law, and Westchester County Fair Housing Law. Each of these laws prohibit discrimination in housing on account of a person's disability, or handicap, and require housing providers to make reasonable accommodations for a disabled resident.  Each of these laws also prohibit housing providers from intimidating or interfering with a resident's attempt to exercise their right to a reasonable accommodation.

There are two Plaintiffs in this case. Edwina Rance and Westchester Residential Opportunities Inc. Ms. Rance was a 70-year-old individual with an alleged anxiety disorder who lived in a 55+-year-old condominium development. The other Plaintiff, Westchester Residential Opportunities, Inc., is a nonprofit organization based in White Plains, New York, whose mission is to ensure that all people have equal access to housing opportunities. Both plaintiffs file this action complaining of housing discrimination.

Plaintiffs' claims may be summarized as follows:

1.  The Defendants themselves and/or through their employees and agents, failed to provide Edwina Rance with a reasonable accommodation.  That is to say, Edwina Rance and WRO allege that they requested an exception to the Declaration and bylaws of Defendant Jefferson Village Condominium No. 5 and that this exception was necessary because of her mental disability.  However, this request was rejected by Defendants.

2.  The Declaration and bylaws of Defendant Jefferson Village Condominium No. 5 contains prohibitive and unlawful statements that indicate, directly or indirectly, a

preference, limitation, or discrimination as to disability, or an intention to make any such preference, limitation or discrimination as to disability. In this case, the Plaintiffs contend that the condominium's Declaration and bylaws, which permit someone under the age of 55 to reside in the condominium if they are required to provide a resident "physical care," do not provide the same for a resident who does not require physical care, but otherwise still needs assistance in managing their mental disability;

3. Defendants themselves and/or through their employees and agents discriminated against Edwina Rance on the basis of disability in the terms, conditions, and privileges of a dwelling or condominium unit;

4. Defendant McGrath Management Services, Inc. aided and abetted Defendant Jefferson Village Condominium No. 5 and/or the President of the Board of Managers of Jefferson Village Condominium No. 5, and/or the Board of Managers of Jefferson Village Condominium No. 5 in discriminating against Edwina Rance;

5. Defendants themselves and/or through their employees and agents intimidated, threatened, and interfered with in the exercise or enjoyment of the right granted or protected under the Fair Housing Act, New York State Human Rights Law, and Westchester County Fair Housing Law;

6. Defendants themselves and/or through their employees and agents retaliated against Edwina Rance because she made a request for a reasonable accommodation;

7. Lastly, the Plaintiffs allege that Defendants acted intentionally, willfully, or with reckless disregard of the Plaintiffs' civil rights.

**Authority**: Complaint.

**Defendants Objection**:  Any claims for retaliation and/or intimidation are moot as the lien was settled by the Estate.  Thus, as Daryl Freyer lived with Ms. Rance without penalty.  She received the accommodation she requested.

Defendants also object to the first paragraph I want to include the terms "race, color, religion, sex, national origin" in the first paragraph:

  The claims in this case have been brought under the Fair Housing Act, New York State Human Rights Law, and Westchester County Fair Housing Law. Each of these laws prohibit discrimination in housing on account of a person's <span style="color:red">race, color, religion, sex, national origin,</span> disability, or handicap, and require housing providers to make reasonable accommodations for a disabled resident.  Each of these laws also prohibit housing providers from intimidating or interfering with a resident's attempt to exercise their right to a reasonable accommodation.

**LIABILITY FOR ACTS OF DISCRIMINATION UNDER FEDERAL FAIR HOUSING ACT, NEW YORK STATE HUMAN RIGHTS LAW, AND WESTCHESTER COUNTY FAIR HOUSING LAW**

**JOINT PROPOSED JURY INSTRUCTION NO. 3**

**PROHIBITIVE CONDUCT UNDER HOUSING DISCRIMINATION LAWS**

  I shall now give you an overview of the law relating to disability discrimination in housing. Plaintiffs Edwina Rance and Westchester Residential Opportunities Inc. are suing Defendants under the federal Fair Housing Act.

  The purpose of the federal Fair Housing Act is to eliminate all traces of discrimination within the housing market. This law prohibits any one of the following discriminatory housing practices:

   (1) To make, print, or publish, or cause to be made, printed, or published any notice, or statement, with respect to the sale or rental of a home or condominium unit that indicates any preference, limitation, or discrimination as to disability, or an intention to make any such preference, limitation, or discrimination.

(2) To coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of any right granted or protected by the Fair Housing Act,

(3) To have a policy or practice that has a discriminatory effect on persons with a disability.

Housing discrimination laws under New York State Human Rights Law and Westchester County Fair Housing Law have similar provisions created to eliminate all traces of discrimination within the housing market. Additionally, New York State Human Rights Law and Westchester County Fair Housing Law makes it unlawful to:

(1) Refusal to make a reasonable accommodation (an exception) to the rules, policies, practices, or services, when such accommodation (exception) may be necessary to afford such person equal opportunity to use and enjoy a home.

(2) Aid or abet incite, compel or coerce the doing of any of the acts forbidden under New York State Human Rights Law.

(3) To discriminate against any person because of that person's actual or perceived disability, in the terms, conditions or privileges of a transaction involving any such housing accommodations.

(4) To discriminate against any person because of that person's actual or perceived disability in the furnishings of services associated with such housing accommodations or the use or enjoyment in connection therewith.

(5) To coerce, intimidate, threaten or interfere with any person in the exercise of any right granted in Westchester County Fair Housing Law.

**Authority**: 42 U.S.C. §§ 3604(c) (unlawful statement) and 3617 (retaliation); New York State Human Rights Law §§ 296.5(a)(3) (unlawful statement), 296.6 (aid and abet), 296.7 (retaliation)

and 296.18(2) (reasonable accommodation); Westchester County Fair Housing Law §§ 700.21(A)(3) – (4); and 700.21(A)(10).


## JOINT PROPOSED JURY INSTRUCTION NO. 4

**Organizational Plaintiff**

Plaintiff Westchester Residential Opportunities, Inc. is an organization permitted to bring suit under the Fair Housing Act, New York Human Rights Law and Westchester County Fair Housing Law, on its own behalf for injury to its ability to carry out its mission to ensure equal access to housing, to eliminate unlawful housing discrimination, and for diversion of its resources away from its other programs and activities in order to investigate the defendant's unlawful conduct.

In your deliberations, you should regard WRO the same as you would Mrs. Rance: a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A non-profit corporation is entitled to the same fair trial as a private individual. All persons, including non-profit corporations and other organizations stand equal before the law, and are to be treated as equals.

**Authority**: Federal Jury Practice  § 103.12; *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982); *Nnebe v. Daus*, 644 F.3d 147 (2d Cir. 2011); *Ragin v. Harry Macklowe Real Estate Co*., 6 F.3d 898, 904-05 (2d Cir. 1993).

**Defendants' Objection:**  Defendants object to the portion "on its own behalf for injury to its ability to carry out its mission to ensure equal access to housing, to eliminate unlawful housing discrimination, and for diversion of its resources away from its other programs and activities in order to investigate the defendant's unlawful conduct" and propose: "on its own behalf for injury to its ability to carry out its mission and for diversion of its resources away from its other programs and activities in order to investigate the defendant's unlawful conduct"


## JOINT PROPOSED JURY INSTRUCTION NO. 5

**Westchester Residential Opportunities, Inc.' s Relationship to U.S. Department of Housing and Urban Development Under the Fair Housing Initiatives Program**

The U.S. Department of Housing and Urban Development, or HUD for short, has been charged by Congress with the responsibility to accept and investigate complaints alleging discrimination based on race, color, religion, sex, handicap, familial status or national origin in the sale, rental, or financing of residential housing. HUD is required, among other things, to cooperate with and render technical assistance to private entities carrying out programs to prevent and eliminate discriminatory housing practices.

Under the Fair Housing Initiatives Program ("FHIP") and corresponding federal regulations, HUD has entered into contracts with qualified private fair housing enforcement organizations, including Plaintiff Westchester Residential Opportunities, for complaint investigations, testing and enforcement proceedings.

Fair housing enforcement organization (FHO) means any organization that is organized as a private, tax-exempt, nonprofit, charitable organization; is currently engaged in complaint intake, complaint investigation, testing for fair housing violations and enforcement of meritorious claims; and upon the receipt of FHIP funds will continue to be engaged in complaint intake, complaint investigation, testing for fair housing violations and enforcement of meritorious claims, which means enforcement activities by an organization that resulted in outcomes such as lawsuits, consent decrees, and legal settlements resulting in monetary awards for compensatory and/or punitive damages, or injunctions.

**Authority**: 42 U.S.C. 3616a; 24 C.F.R. §§ 125.103, 125.401 & 125.501.

**Defendants Objection:** It seeks to bolster WRO and unfairly prejudices the Defendants.

**JOINT PROPOSED JURY INSTRUCTION NO. 6**

**Principal Responsible for Acts of its Agent**

The law makes any individual or entity that has the authority to direct or control, or has a right to direct or control, called "the principal," liable for the conduct of another person or entity, called the "agent," with respect to any aspect of the operation of housing if the agent is acting within the scope of their authority as a representative or employee of the principal.

If you find that the board members, either individually or collectively, of Defendant Jefferson Village Condominium No. 5, or McGrath Management Services, Inc., its employees and/or representatives – all of whom are considered agents – violated one or more of the rights of either or both of the Plaintiffs, while acting within the scope of their authority as board members or property managers, then you must find against the Defendant Jefferson Village Condominium No.5 (the "principal") even if there is no evidence of Jefferson Village Condominium No. 5's involvement in the incident in question, and even if it directed McGrath Management Services, Inc. not to discriminate.

**Authority**: Federal Jury Practice § 103.31; *Meyer v. Holley*, 537 U.S. 280, 285 (2003); *Mitchell v. Shane,* 350 F.3d 49, 50 (2d Cir. 2003); *Cleveland v. Caplaw Enters*., 448 F.3d 518, 523-24 (2d Cir. 2006).

**JOINT PROPOSED JURY INSTRUCTION NO. 7**

**Agency**

An agent acts within the scope of their employment whenever he or she performs services for which he or she has been contracted to perform. An agent's intentional wrongful action is in the scope of employment if the conduct is something that the agent has been hired to perform,  is motivated, in part by, a purpose to serve their employer, or is ratified by the employer.

10

You will hear evidence throughout this case that the Board of Jefferson Village Condominium No. 5 and McGrath Management Services, Inc. were acting on behalf of Jefferson Village Condominium No. 5. Therefore, I instruct you to accept as a fact that the Board of Jefferson Village Condominium No. 5 and McGrath Management Services, Inc. were acting within the scope of their employment during the interactions with Plaintiffs.

**Authority**: Restatement (Third) of Agency, § 7.03, 7.04, and 7.08; *Mitchell v. Shane*, 350 F. 3d 39, 50 (2d Cir. 2003); *Cabrera v. Jakabovitz*, 24 F.3d 372, 389 (2d Cir. 1994) (applying vicarious liability principles under the Fair Housing Act and holding that a principal is liable for the discriminatory acts of his agent, regardless of whether or not the employer authorized the discrimination)

**Defendants' Objection**:  McGrath is not an employee of JVC No.5.  McGrath is the property manager contracted by JVC No.5.  The language should reflect such.

## JOINT PROPOSED JURY INSTRUCTION NO. 8

**Order Of Trial**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the Plaintiffs will present evidence in support of their claims and the Defendants' lawyer may cross-examine the witnesses. At the conclusion of the Plaintiffs' case, the Defendants may introduce rebuttal evidence and the Plaintiffs' lawyer may cross-examine the witnesses.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

Authority: 3 Fed. Jury Prac. & Instr. § 101.02 (5th ed.).

## JOINT PROPOSED JURY INSTRUCTION NO. 9

**Province of Judge and Jury**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

Authority: 3 Fed. Jury Prac. & Instr. § 101.10 (5th ed.).

## JOINT PROPOSED JURY INSTRUCTION NO. 10

To insure fairness, you must obey the following rules:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide your verdict.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6. Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7. Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8. If you need to tell me something, simply give a signed note to the clerk to give to me.

Authority: 3 Fed. Jury Prac. & Instr. § 101.11 (5th ed.).

**JOINT PROPOSED JURY INSTRUCTION NO. 11**

**Evidence in the Case**

The evidence in the case will consist of the following:

      1. The sworn testimony of the witnesses, no matter who called a witness.

      2. All exhibits received into evidence, regardless of who may have produced an exhibit.

      3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

      Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

      I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

      If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

      Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

      You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**Authority**: 3 Fed. Jury Prac. & Instr. § 101.40 (5th ed.).


## II.    INSTRUCTIONS TO BE READ DURING TRIAL

### JOINT PROPOSED JURY INSTRUCTION NO. 12

**Cautionary Instruction Before Court Recess**

We are about to take our first break. I want to remind you of the instructions I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else. You may not permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial. If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further. The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination. The report may emphasize an unimportant point or may simply be wrong. You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

Authority: 3 Fed. Jury Prac. & Instr. § 102.01 (5th ed.).

## III.    INSTRUCTIONS TO BE READ AT CLOSE OF TRIAL

### JOINT PROPOSED JURY INSTRUCTION NO. 13

## GENERAL INTRODUCTION

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Authority: 3 Fed. Jury Prac. & Instr. § 103.01 (5th ed.).

16

**JOINT PROPOSED JURY INSTRUCTION NO.  14**

**ROLE OF THE JURY**

You as jurors are the exclusive judges of the facts of this case. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

I remind you that nothing that I may have said during the course of trial should be taken by you as any indication of my opinion as to the facts. If you feel that I have given any indication as to my opinion of any fact in this case you are to completely disregard it. The rulings I have made during trial are not any indication of my views of what your decision should be as to whether or not the Plaintiffs have proven their case.

Authority: Modern Federal Jury Instructions, Instruction 71-3.

**JOINT PROPOSED JURY INSTRUCTION NO. 15**

**COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

17

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to me – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**Authority**: 3 Fed. Jury Prac. & Instr. § 106.08 (5th ed.).

**JOINT PROPOSED JURY INSTRUCTION NO. 16**

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.

You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Authority: 3 Fed. Jury Prac. & Instr. § 103.50 (5th ed.).

## JOINT PROPOSED JURY INSTRUCTION NO. 17

### EVIDENCE IN THE CASE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers

on both sides stipulate to or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**Authority**: 3 Fed. Jury Prac. & Instr. § 103.30 (5th ed.).

## JOINT PROPOSED JURY INSTRUCTION NO. 18

## PREPONDERANCE OF THE EVIDENCE

This is a civil case and as such the Plaintiffs have the burden of proving the material allegations of their complaint by a preponderance of the evidence.

What do I mean by a "preponderance of the evidence"? To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. Nor does it require proof beyond a reasonable doubt. It requires only that the balance be tipped, however slightly, in favor of a Plaintiff.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Authority**: Federal Jury Practice, § 104.01; Modern Federal Jury Instructions, Instruction 73-2; *Fischl v. Armitage,* 128 F. 3d 50 (2d Cir. 1997); *Larson v. JoAnn Cab Corp.,* 209 F.2d 929 (2d Cir. 1954).

## JOINT PROPOSED JURY INSTRUCTION NO.  19

## CONSIDERATION OF EVIDENCE

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Authority: Federal Jury Practice, § 103.30; Modern Federal Jury Instructions, Instruction 74-1.

## JOINT PROPOSED JURY INSTRUCTION NO. 20

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of their own senses - something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few

minutes later another person walked in carrying a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of the fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

**Authority**: Modern Federal Jury Instructions, Instruction 74-5.

## JOINT PROPOSED JURY INSTRUCTION NO. 21

## <u>WITNESS CREDIBILITY</u>

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of their testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and importance of each witness' testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear - what was his or her demeanor - that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how they say it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Authority: Modern Federal Jury Instructions, Instruction 76-1; *Santor v. Arkansas Gas Corp.* 321 U.S. 620 (1944).

## JOINT PROPOSED JURY INSTRUCTION NO. 22

## **INTERESTED WITNESS**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

**Authority**: Modern Federal Jury Instructions, Instruction 76-3; *Davis v. Alaska,* 415 U.S. 308 (1974); *Duke Laboratories, Inc. v. United States,* 222 F. Supp. 400 (D. Conn. 1963).

## JOINT PROPOSED JURY INSTRUCTION NO. 23

### DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of a deposition transcript. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Authority: 3 Fed. Jury Prac. & Instr. – Civil § 102.23.

## JOINT PROPOSED JURY INSTRUCTION NO.  24

### PRIOR ACTION OF DEFENDANT NOT A DEFENSE

It is not a defense to liability that the defendant may not have discriminated against others on the basis of disability.  The Fair Housing Act focuses on eradicating discrimination against

24

individuals.  If the defendant has discriminated against Plaintiffs, it is no defense that Defendants did not discriminate against other individuals based on disability.

**Authority**:  C*onnecticut v. Teal*, 457 U.S. 440 (1982); *United States v. Starrett City Assocs.*, 840 F.2d 1096 (2d Cir. 1988); *Bronson v. Crestwood Lake Section 1 Holding Corp.*, 724 F. Supp. 148, 155 (S.D.N.Y. 1989); *see Betsey v. Turtle Creek Assocs.*, 736 F.2d 983, 987 (4th Cir. 1984).

## JOINT PROPOSED JURY INSTRUCTION NO. 25

## PROHIBITED DISCRIMINATORY STATEMENTS

The conduct prohibited by the Fair Housing Act, New York State Human Rights Law, and Westchester County Fair Housing Law includes making prohibited discriminatory statements. To prevail on these claims, Plaintiffs must prove by a preponderance of the evidence the following three elements:

First, that Defendants and/or their employees and agents made or printed a notice or statement; or caused to be made or print, any notice or statement;

Second, that the statement relates to the sale or rental of a condominium unit; and

Third, the statement indicates or expresses a preference, limitation or discrimination as to disability, or an intention to make any such preference, limitation or discrimination.

Under this standard, Plaintiffs do not have to prove that Defendants intended to express such a preference, limitation or discrimination. Instead, if you find that the statements themselves would indicate to the ordinary listener or reader a preference, limitation or discrimination with respect to the sale or rental of a condominium unit as to disability, then you must find that the Defendants violated the Fair Housing Act, New York State Human Rights Law, and Westchester County Fair Housing Law, even if you believe that Defendants did not intend to convey such a preference.

The word 'preference' in this context means a notice or statement that would indicate to an ordinary reader or listener that an individual with a disability is discouraged from purchasing or renting a condominium unit at Jefferson Village Condominium No. 5.

**AUTHORITY:** 42 U.S.C. § 3604(c); New York State Human Rights Law §§ 296.5(a)(3); Westchester County Fair Housing Law 700.21(5); *Soules v. HUD*, 967 F.2d 817 (2d Cir. 1992); *Ragin v. New York Times*, 923 F.2d 995, 999-1000 (2d Cir. 1991), cert. denied, 112 S. Ct. 81 (1991); *Housing Opportunities Made Equal v. The Cincinnati Enquirer, Inc.*, 943 F.2d 644, (6th Cir. 1991); *Spann v. Colonial Village, Inc*., 899 F.2d 24 (D.C. Cir.), cert. denied, 111 S. Ct. 508, 509 (1990).

**Defendants' Objections:**  Defendants object that these statutes do not apply to bylaws, but rather to advertisements, statements, and other public facing documents.

## JOINT PROPOSED JURY INSTRUCTION NO. 26

## REFUSAL TO MAKE REASONABLE ACCOMMODATION UNDER NEW YORK STATE HUMAN RIGHTS LAW

Another conduct prohibited by New York State Human Rights Law is refusing to make reasonable accommodations in the rules, policies, practices or services when such accommodation may be necessary to afford a person equal opportunity to use and enjoy a dwelling or condominium unit.  Think of a reasonable accommodation as a necessary exception that is required by the law in order to provide disabled individuals with the same, or equal, opportunity or treatment that is provided to anyone else.

New York State Human Rights Law imposes an affirmative duty upon housing providers to reasonably accommodate the needs of a disabled person.

In order to prevail on this claim, Plaintiffs must prove by a preponderance of the evidence the following five elements:

First, that Edwina Rance is an individual with a disability;

Second, that Jefferson Village Condominium No. 5 and McGrath Management Services,

Inc. knew or should reasonably be expected to know of the disability;

Third, that accommodation of the disability may be necessary to afford the Edwina Rance

an equal opportunity to use and enjoy her condominium unit;

Fourth, that the accommodation is reasonable; and

Fifth, that Jefferson Village Condominium No. 5 and/or McGrath Management Services,

Inc. refused to make the requested accommodation.

Under New York State Human Rights Law, disability is defined as:

(a)      a physical, mental or medical impairment resulting from a physiological, genetic

or neurological condition which prevents the exercise of a normal body function or is

demonstrable by medical accepted clinical or laboratory diagnostic techniques; or

(b)      a record of such an impairment; or

(c)      a condition regarding by others as such an impairment.

**Authority**: New York Human Rights Law § 296(18)(2); New York State Human Rights Law § 291(21) (definition of disability); *Salute v. Stratford Greens Garden Apts.*, 136 F.3d 293, 301-302 (2d Cir. 1998); *Shapiro v. Cadman Towers, Inc.,* 51 F.3d 328, 334-35 (2d Cir. 1995); *Nixon-Tinkelman v. N.Y. City Dep't of Health & Mental Hygiene*, 434 Fed. Appx. 17 (2d Cir. N.Y. 2011).

**Defendants' Objections:** Edwina Rance requested that Daryl Freyer lived with her. He moved in with her after her initial request. He continued to live with her until she died. She received the accommodation or relief she requested. Any and all claims related to a fine or liens were settled in June 2021.

## JOINT PROPOSED JURY INSTRUCTION NO.  27

## REFUSAL TO MAKE A REASONABLE ACCOMMODATION UNDER WESTCHESTER COUNTY FAIR HOUSING LAW

The Westchester County Fair Housing Law also imposes an affirmative duty upon

housing providers to reasonably accommodate the needs of a disabled person.

In order to prevail on this claim, Plaintiffs must prove by a preponderance of the evidence the following five elements:

First, that Edwina Rance is an individual with a disability;

Second, that Jefferson Village Condominium No. 5 and McGrath Management Services, Inc. knew or should reasonably be expected to know of the disability;

Third, that accommodation of the disability may be necessary to afford the Edwina Rance an equal opportunity to use and enjoy her condominium unit;

Fourth, that the accommodation is reasonable; and

Fifth, that Jefferson Village Condominium No. 5 and/or McGrath Management Services, Inc. refused to make the requested accommodation.

Under Westchester County Fair Housing Law, disability is defined as:

(1)     a mental, psychological, or medical impairment resulting from physiological, genetic or neurological conditions which substantially limit one or more of a person's major life activities; or

(2)     a record or history of a physical, mental, psychological, or medical impairment. The term "physical, mental, psychological, or medical impairment" means:

(a)     an impairment of any system of the body, including, but not limited to: the neurological system; or

(b)     a mental or psychological disorder, which includes, but is not limited to, depression and *anxiety disorder*.

**Authority**: Westchester Fair Housing Law § 700.21(A)(9)(c)(ii); Westchester Fair Housing Law § 700.20(T)(definition of reasonable accommodation); Westchester County Fair Housing Law § 700.20(D) (definition of disability).

**Defendants' Objections:**  Edwina Rance requested that Daryl Freyer lived with her.  He moved in with her after her initial request.  He continued to live with her until she died.  She received the accommodation or relief she requested.  Any and all claims related to a fine or liens were settled in June 2021.

## JOINT PROPOSED JURY INSTRUCTION NO. 28

## NECESSITY OF REASONABLE ACCOMMODATION

An accommodation is "necessary" only if it provides a direct improvement or betterment in Edwina Rance's ability to live in, and use and enjoy her condominium unit, in spite of her mental disability. If the proposed accommodation provides no improvement or detriment of the disability's effect, it cannot be said to be necessary.

**Authority**: 42 U.S.C. § 3604(f)(3)(b);  24 C.F.R. § 100.204(b); *Shapiro v. Cadman Towers, Inc*., 51 F.3d 328, 334-35 (2d Cir. 1995)

## JOINT PROPOSED JURY INSTRUCTION NO.  29

## DISPARATE EFFECT PROHIBITED

It is unlawful under the Fair Housing Act if a specific policy or practice of Defendants has a discriminatory effect on persons with mental disabilities, even if the creation of the specific policy or practice was not motivated by discriminatory intent.

In this case, Plaintiffs allege that Defendant Jefferson Village Condominium No. 5's policy or practice to – only allow a person under the age of 55 if needed for the 'physical care' of another resident – has a discriminatory effect on persons with mental disabilities. To prevail on this claim, Plaintiffs must first show, by a preponderance of the evidence, that a specific policy or practice of Jefferson Village Condominium No. 5 had a discriminatory effect on individuals with mental disabilities.

Defendant Jefferson Village Condominium No. 5 then may rebut this by showing, by a preponderance of the evidence, that the challenged policy or practice advances a valid interest and is therefore not arbitrary, artificial, and unnecessary.

Should Defendant Jefferson Village Condominium No. 5 be able to do so, the Plaintiffs must prove, again by a preponderance of the evidence, that either the interest advanced by the Defendant is not valid or that a less discriminatory policy or practice exists that would serve the Defendant Jefferson Village Condominium No. 5's identified interest in an equally effective manner without imposing a materially greater cost on, or create other material burdens for, the defendants.

The Plaintiffs are not required to show that Defendant Jefferson Village Condominium No. 5 intended to discriminate in order to establish a disparate effect claim under the Fair Housing Act.

**Authority**: 24 CFR 100.500; *Tsombanidis v. West Haven Fire Dept.*, 352 F.3d 565, 574-75 (2d Cir. 2003); *Hack v. President & Fellows of Yale Coll.*, 237 F.3d 81, 90 (2d Cir. 2000) (quoting Town of Huntington, 844 F.2d at 934); *Huntington Branch, NAACP v. Town of Huntington*, 844 F.2d 926, 934-36 (2d Cir.1988); *Jones v. Volunteers of Am. Greater N.Y.*, No. 1:20-cv-5581 (MKV), 2022 U.S. Dist. LEXIS 45103, at *25 (S.D.N.Y. Mar. 14, 2022)

## JOINT PROPOSED JURY INSTRUCTION NO. 30

## COERCE, INTIMIDATE, THREATEN, OR INTERFERE ON ACCOUNT OF EXERCISING FAIR HOUSING RIGHTS

It is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his or her having exercise or enjoyed, any rights granted or protected under the Fair Housing Act.

To prevail on their claim, Plaintiffs must prove by a preponderance of the evidence the following four elements:

First, Edwina Rance was engaged in a protected activity;

Second, Defendants Jefferson Village Condominium No. 5 and/or McGrath Management Services, Inc. were aware of this activity;

Third, Defendants Jefferson Village Condominium No. 5 and/or McGrath Management Services, Inc. took adverse action against Edwina Rance; and

Fourth, a causal connection exists between the protected activity and the adverse action.

The Defendants then have the burden to rebut the presumption of retaliation by articulating a legitimate, non-retaliatory reason for its actions. If the Defendants can do so, the Plaintiffs are required to show that the Defendants Jefferson Village Condominium No. 5 and/or McGrath Management Services, Inc.'s action against Edwina Rance arose from a discriminatory motive.

**Authority**: 42 U.S.C. § 3617; *Jones v. Volunteers of Am. Greater N.Y.*, No. 1:20-cv-5581 (MKV), 2022 U.S. Dist. LEXIS 45103, at *26 (S.D.N.Y. Mar. 14, 2022).

**Defendants' Objections:**  Edwina Rance requested that Daryl Freyer lived with her.  He moved in with her after her initial request.  He continued to live with her until she died.  She received the accommodation or relief she requested.  Any and all claims related to a fine or liens were settled in June 2021.

**LIABILITY FOR ACTS OF DISCRIMINATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW**

**JOINT PROPOSED JURY INSTRUCTION NO. 31**

**AIDING AND ABETTING**

Plaintiffs have also asserted a claim under the New York State Human Rights Law § 296, which makes it an unlawful discriminatory practice for any person to aid, abet, incite, compel or

coerce the doing of any of the acts forbidden under New York State Human Rights Law, or to attempt to do so.

If an individual participates in conduct giving rise to a discrimination claim, then he "aided and abetted" an unlawful discriminatory practice. Therefore, if you find that Defendant McGrath Management Services, Inc. participated in conduct by aiding Jefferson Village Condominium No. 5 to discriminate against Edwina Rance, in an attempt to restrict her requests to make a reasonable accommodation, or discourage or hinder Edwina Rance's request to make a reasonable accommodation, then you must find that McGrath Management Services, Inc. aided and abetted unlawful activity protected under the New York State Human Rights Law.

**Authority**:  New York Executive Law § 296(6); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d. Cir. 1995), abrogated on other grounds by *Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742 (1998); *Fair Housing Justice Center v. Broadway Crescent Realty Inc., et al.*, 2011 WL 856095 (S.D.N.Y. March 9, 2011).

**Defendants' Objections:**  Edwina Rance requested that Daryl Freyer lived with her.  He moved in with her after her initial request.  He continued to live with her until she died.  She received the accommodation or relief she requested.  Any and all claims related to a fine or liens were settled in June 2021.

### JOINT PROPOSED JURY INSTRUCTION NO. 32

### RETALIATION – THE NEW YORK STATE HUMAN RIGHTS LAW

 The New York Human Rights Law § 296(7)  makes it an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because she has opposed any practices forbidden under New York State Human Rights Law.

If you find that the Plaintiffs have proved by a preponderance of the evidence shown that Jefferson Village Condominium No. 5 and/or McGrath Management Services, Inc. retaliated or discriminated against Edwina Rance because she made a request for a reasonable

accommodation, then you must find that Defendants committed an unlawful discriminatory housing practice.

**Authority**: New York Executive Law § 296(7).

**Defendants' Objections:**  Any and all claims related to a fine or liens were  settled in June 2021.

**JOINT PROPOSED JURY INSTRUCTION NO. 33**

**LIABILITY FOR ACTS OF DISCRIMINATION UNDER THE WESTCHESTER COUNTY FAIR HOUSING LAW**

The Westchester County Fair Housing Law makes it an unlawful discriminatory real estate practice for anyone:

1. To discriminate against any person because of that person's actual or perceived disability, in the terms, conditions or privileges of a transaction involving any such housing accommodations.

2. To discriminate against any person because of that person's actual or perceived disability in the furnishings of services associated with such housing accommodations or the use or enjoyment in connection therewith.

3. To intimidate, threaten or interfere with any person in the exercise of any right granted in Westchester County Fair Housing Law.

If you find that the Plaintiffs have proved by a preponderance of the evidence that the Defendants committed any of these acts or practices, you must find that Defendants committed an unlawful discriminatory real estate practice.

**Authority**: Westchester County Fair Housing Law §§ 700.21(A)(3) – (4); and 700.21(A)(10).

**Defendants' Objections:**  Edwina Rance requested that Daryl Freyer lived with her.  He moved in with her after her initial request.  He continued to live with her until she died.  She received the accommodation or relief she requested.  Any and all claims related to a fine or liens were settled in June 2021.

## JOINT PROPOSED JURY INSTRUCTION NO.  34

## <u>COMPENSATORY DAMAGES</u>

**Consider Damages Only if Necessary**

If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

**Authority:** Modern Federal Jury Instructions – Civil 77-1.

## JOINT PROPOSED JURY INSTRUCTION NO.  35

## <u>Compensatory Damages - Westchester Residential Opportunities, Inc.</u>

If you find in favor of the Westchester Residential Opportunities, Inc., then you will award the Westchester Residential Opportunities, Inc. such actual or compensatory damages as you find from a preponderance of the evidence were proximately caused by – in other words, can reasonably be traced to – the acts of any of the Defendants. In determining such damages, you shall consider that a plaintiff such as the Westchester Residential Opportunities, Inc. is entitled to be compensated for:

1.      the costs of diverting its resources away from its other programs and activities in order to investigate the defendant's unlawful conduct; and

2.      the frustration of its mission and purpose caused by the Defendants' unlawful conduct.

If you find in favor of Westchester Residential Opportunities, Inc., on any of the claims it has asserted against the Defendants, then the costs in which it is entitled to be compensated for include the time and expenses incurred on efforts to counteract the Defendants conduct, including time and expenses spent in investigation and testing; and the costs which Plaintiff Westchester Residential Opportunities, Inc. will incur in the future by using its time and money on efforts to counteract the Defendants' conduct.

The fact that an amount of damages may not be capable of exact measurement does not bar recovery for the harm suffered.

**Authority**: *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 379 (1982); *Fair Housing of Marin v. Combs,* 285 F.2d 899 (9th Cir. 2002);*United States v. Balistrieri,* 981 F.2d 916, 933 (7th Cir. 1992); *Spann v. Colonial Village, Inc.,* 899 F.2d 24, 29-31 (D.C. Cir. 1990); *Fair Housing Justice Center v. Silver Beach Gardens Corp.,* 2010 WL 3341907 (S.D.N.Y., August 13, 2010).

## JOINT PROPOSED JURY INSTRUCTION NO.  36

## <u>Compensatory Damages for Emotional Distress and Lost Housing Opportunity</u>

When awarding compensatory damages in a case brought under the Fair Housing Act, the damages you may award Edwina Rance are for the emotional distress she experienced and the lost housing opportunity.

If you find that Edwina Rance suffered emotional distress and/or mental anguish as a result of the defendant's conduct, you should compensate her for the harm she experienced.

Emotional distress may be established through the testimony of Edwina Rance. That is, you may conclude on the basis of her testimony alone, that she has experienced emotional distress and/or mental anguish. In addition, you may conclude on the basis of other witnesses' testimony

that a person experienced emotional distress and/or mental anguish. It is not necessary for Edwina Rance to present evidence of economic loss or medical evidence of mental or physical symptoms in order to receive compensatory damages for emotional distress and mental anguish.

Damages for loss housing opportunity is meant to compensate a plaintiff for losing the opportunity to live in a discriminatory condominium development.

For the loss of a housing opportunity, you should review statements made by the witnesses as well as draw conclusions from the circumstances. You are encouraged to consider the individual circumstances of Edwina Rance in determining how much damages should be awarded.

When making your determination on the amount Edwina Rance should be awarded for lost housing opportunity, consider Ms. Rance's inability to enjoy living at Jefferson Village Condominium No. 5; loss of living at a discriminatory free condominium development; living with the threat of unlawfully filed lien; threat of losing her condominium unit; as well as receiving the $500 weekly fine.

Accordingly, if you find in favor of Edwina Rance, on any of the claims she has asserted against the Defendants, then she is entitled to be compensated for humiliation and emotional distress and lost housing opportunity she experienced as a result of the Defendants' conduct.

**Authority relating to emotional distress**: *Curtis v. Loether,* 415 U.S. 189, 195 (1974); *Ragin v. Harry Mackloew Real Estate Co.,* 6 F.3d 898, 907-08 (2d Cir. 1993); *Broome v. Biondi,* 17 F. Supp. 2d 211, 226-27 (S.D.N.Y. 1997); *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1046 (5th Cir. 1998);*United States v. Security Management Co.,* 96 F.3d 260, 268 (7th Cir. 1996); *United States v. Balistrieri,* 981 F.2d 931-32 (7th Cir. 1992); *Marable v. Walker,* 704 F.2d 1219, 1220-21 (11th Cir. 1983).

**Authority related to lost housing opportunity**: *Bradley v. John M. Brabham Agency, Inc.*, 463 F. Supp. 27, 32 (D.S.C. 1978); *Gore v. Turner*, 563 F.2d 159, 164 (5th Cir. 1977); *Hodge v. Seiler*, 558 F.2d 284, 287-88 (5th Cir. 1977);; *United States v. Hylton*, 2013 WL 2097426, at *15

(D. Conn. May 8, 2013); *Bradley*, 463 F. Supp. at 32; Christopher C. Ligatti, Alan W. Heifetz & Thomas C. Heinz, *Max Weber Meets the Fair Housing Act: 'Life Chances' and the Need for Expanded Lost Housing Opportunity Damages* 6 Belmont L. Rev. 3, 79-80 (2019) *Separating the Objective, the Subjective, and the Speculative: Assessing Compensatory Adjudications* 26 J. Marshall L. Rev. 3, 9-14. (1992).

**Defendants' Objections:**  Edwina Rance requested that Daryl Freyer lived with her.  He moved in with her after her initial request.  He continued to live with her until she died.  She received the accommodation or relief she requested.  Any and all claims related to a fine or liens were settled in June 2021.

### JOINT PROPOSED JURY INSTRUCTION NO. 37

## NOMINAL DAMAGES

If you find in favor of either or both Plaintiffs under the Fair Housing Act, but you find that Plaintiffs' damages have no monetary value, then you must return a verdict for Plaintiffs in the nominal amount of One Dollar ($1.00).

**Authority**: *Cabrera v. Jakabovitz*, 24 F.3d 372, 390-91 (2d Cir. 1994)

### JOINT PROPOSED JURY INSTRUCTION NO. 38

## PUNITIVE DAMAGES MAY BE AWARDED AFTER NOMINAL DAMAGES

Punitive damages may be awarded even if you award a Plaintiff only nominal, and not compensatory, damages.

**Authority:** *Cush-Crawford v. Adchem Corp*., 271 F.3d 352 (2d Cir. N.Y. 2001)

### JOINT PROPOSED JURY INSTRUCTION NO. 39

## PUNITIVE DAMAGES

In addition to compensatory damages, the fair housing laws involved in this case allow a jury to award punitive damages against a defendant. Punitive damages may be awarded for either

or both of the following reasons: 1) to punish the Defendants for their misconduct; or 2) to deter the Defendants, and other persons, from acting in the same way in the future.

If you find that any of the Defendants Jefferson Village Condominium No. 5 and/or McGrath Management Services, Inc., or any of their employees or agents, acted intentionally, willfully, or with reckless disregard callous indifference to the civil rights of any of the Plaintiffs, then you may, but are not required to, award punitive damages. An act is intentional if an individual knowingly does, or fails to do, something, even if he or she was unaware that his conduct was unlawful.

It is not necessary that Defendants' conduct was outrageous. Instead, it is sufficient that either or both Defendants have discriminated in the face of a perceived risk that its actions will violate fair housing laws.

You may also award punitive damages if you determine that Defendants Jefferson Village Corporation No. 5 or McGrath Management Services, Inc., or any of their employees or agents, acted with reckless disregard or callous indifference to the rights of any of the Plaintiffs.

"Reckless disregard" or "callous indifference" means that the Defendants deliberately disregarded the plaintiffs' rights. For example, a defendant has acted with "reckless disregard or callous indifference" when the defendant knew, or should have known, that the plaintiff was in danger of being harmed, and that the defendant could have taken steps either to insure that the plaintiff was not harmed or that the harm to the plaintiff was corrected, but that the defendant failed to take those steps required to correct the circumstances.

In deciding whether to impose punitive damages, you may consider, among other things: the efforts Defendants made to comply with fair housing laws; their efforts to train their employees about fair housing laws; whether Defendants adopted any policies in regard to fair

housing; or whether Defendants took any steps to prevent future harm once it learned of the actions of their employees or agents, such as by providing training in regard to fair housing, or disciplining the responsible agents.

**Authority**: *Kolstad v. American Dental Ass'n,* 527 U.S. 526, 535 (1999); *Smith v. Wade,* 461 U.S. 30 (1983); *United States v. Space Hunters,* 429 F.3d 416, 427 (2d Cir. 2005); *Tolbert v. Queens College,* 242 F.3d 58, 77 (2d Cir. 2001) (punitive damages may be awarded for a civil rights claim where defendant's conduct shows "reckless or callous indifference to the federally protected rights of others"); *Roy Export, Etc, v. C.B.S.,* 503 F. Supp. 1137, 1154 (S.D.N.Y. 1980) (upholding a punitive damages award in a copyright infringement matter where the court concluded that the jury could have reasonably found that Defendants *acted* with reckless indifference).

**Defendants objection**: Defendants object to the entire language of this jury instruction and proposes the following:

**<u>Punitive Damages – Modern Federal Jury Instructions 77-5</u>**

If you should find that the defendant is liable for the plaintiff's injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages.

You may award punitive damages if the plaintiff proves by a preponderance of the evidence that the defendant's conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future.

The awarding of punitive damages is within your discretion—you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party.

Under the Fair Housing Act, the plaintiff must prove (1) that the defendant(s) engaged in intentional discrimination and did so with malice or reckless indifference as to whether it may be violating the Fair Housing Act. (*United States v. Space Hunters. Inc.,* 429 F.3d 416, 427 (2d Cir. 2005)(citing *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 119 S. Ct. 2118 (1999).

## JOINT PROPOSED JURY INSTRUCTION NO. 40

## FACTORS TO CONSIDER IN ASSESSING PUNITIVE DAMAGES

In assessing damages, you should bear in mind that the purpose of punitive damages is not to compensate the injured party. Rather, punitive damages are awarded to punish the defendant and to serve as an example and a warning to others not to engage in such conduct.

If you determine that it is appropriate to award punitive damages, you should consider the following questions: What was the nature and extent of the harm done? What was Defendants' conduct after they were informed of the discriminatory conduct alleged by the Plaintiff to have taken place? What amount is needed, considering Defendants' financial conditions, to prevent future repetition of the same, or similar, conduct?

If you decide to award punitive damages, they should be large enough to act as a deterrent. An award of punitive damages may cause the defendant some hardship, but that is an essential part of the function of punitive damages.

**Authority**: 42 U.S.C. § 3613(c)(1); NYSHRL § 297(9); Westchester County Fair Housing Law § 700.33(E); *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625 (1983)[in federal civil rights actions, a jury may assess punitive damages "when the defendant's conduct involves reckless or callous indifference to the federally protected rights of others"].); *Newport v. Fact Concerts, Inc*., 453 U.S. 247, 266-67 (1981); *Ragin v. Harry Macklowe Real Estate Co*., 6 F.3d 898, 909 (2d Cir. 1993)

**Special Verdict**

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. Some of the questions are to be answered "yes" or "no." The remaining questions require you to check whether to assign a dollar value to your answer. Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question (except where the verdict form indicates otherwise.)

**Authority**: Modern Federal Jury Instructions, Instruction 78-9.

**Defendant's Proposed Additional Instructions**

**A. Defenses – Burden of Persuasion – Modern Federal Jury Instructions 87-36**

In addition to challenging the plaintiff's proof, the defendant has offered evidence that the actions of which the plaintiff complains were neither motivated by discriminatory intent nor had a discriminatory impact. As you consider this evidence, keep in mind that the burden is always on the plaintiff to prove disparate treatment or disparate impact or both, and not on the defendant to disprove it.

**Plaintiffs Objects** to the inclusion of this instruction. Each of the liability instructions above describes the burden of persuasion. To include this instruction will confuse a jury because it is not related to all of Plaintiffs claims. Further, motivation and discriminatory intent are not required to show a violation of 42 USC 3604(c) or disparate effect.

**B. Defense – Disparate Treatment – Modern Federal Jury Instructions 87-37**

The defendant has offered evidence that the adverse decisions of which plaintiff complains were taken entirely for nondiscriminatory reasons. If plaintiff has failed to prove that the defendant took these actions at least in part because of an intent to discriminate against plaintiff on account of [race, gender, etc.], you must find for defendant, whether or not you agree with defendant's reasons for taking these actions.

**Plaintiffs Objects** to the inclusion of this instruction. Each of the liability instructions above describes the burden of persuasion. To include this instruction will confuse a jury because

41

it is not related to all of Plaintiffs claims. Further, disparate treatment is undefined and a legal term, usually unfamiliar to juror. Additionally, a jury may confuse the burden of proof related to each claim if this instruction is included separate from the jury instruction related to each claim.

Lastly, this instruction will confuse the jury as relates to Plaintiffs'one-way love the way something very plainly 44 claims of unlawful statement, 42 USC 3604(c), and disparate effect. To establish liability as to these claims, Plaintiffs do not have to prove discriminatory intent or discriminatory reason.

## C. Defense – Disparate Impact: Business Necessity – Modern Federal Jury Instructions 87-38

If defendant's practices had a disproportionate adverse impact on the protected group of

which the plaintiff is a member, the defendant, regardless of his intent, will be liable to plaintiff

unless the defendant proves by a preponderance of the evidence that defendant's practices were

entirely the result of compelling business necessity. The burden is on the defendant to prove this

defense.

**Plaintiffs Objects** to the inclusion of this instruction. The correct standard is enunciated in 24 CFR 100.500, which does not state that a defendant may avoid liability if it proves compelling business necessity. Therefore, to include this instruction will confuse a jury because it is unrelated to the permitted defenses for disparate effect.

RESPECTFULLY SUBMITTED this 15th day of April, 2022

LAW FIRM OF JAMES E. BAHAMONDE, P.C.

By: /s/ James E. Bahamonde
    James E. Bahamonde
    Law Firm of James E. Bahamonde, PC
    2501 Jody Court
    North Bellmore, NY 11710
    (646) 290-8258
    james@civilrightsny.com

ATTORNEYS FOR PLAINTIFFS

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP.

By: /s/ Eric J. Sauter
    Eric J. Sauter
    1133 Westchester Avenue
    White Plains, New York 10604
    Phone: 914-872-7718

ATTORNEYS FOR DEFENDANTS